FILED
United States Court of Appeals
Tenth Circuit

July 8, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

KENNETH ALAN LOWE,

      Defendant - Appellant.

No. 10-5149
(D.C. No. 4:93-CR-00186-GKF-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

## I. INTRODUCTION

Defendant Kenneth Alan Lowe filed a notice of appeal from the revocation of his

supervised release and imposition of a 23-month term of imprisonment followed by 13

months' supervised release. Mr. Lowe's counsel determined after a diligent search of the

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

record that there are no issues that could support an appeal.  She therefore filed a motion

to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967).

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and finding no

meritorious issues, we dismiss the appeal.  We also grant counsel's motion to withdraw.

## II. BACKGROUND

In 1994, Mr. Lowe pleaded guilty to conspiracy in violation of 18 U.S.C. § 371

and robbery affecting interstate commerce and aiding and abetting in violation of 18

U.S.C. §§ 1951 and 1952.  He was sentenced to 237 months' imprisonment followed by 3

years' supervised release.  He was ordered to pay a $100 special assessment and $10,000

in restitution.  Although the rest of the sentence remained intact, Mr. Lowe's term of

imprisonment was reduced several times.  In 1995, he was resentenced because of a

remand judgment to 228 months' imprisonment.  In 1996, pursuant to the government's

motion requesting a downward departure because of Mr. Lowe's substantial assistance in

prosecuting and convicting other violent felons, his term was further reduced to 204

months.  Mr. Lowe began his 3-year term of supervised release in 2009.

On September 23, 2010, a probation officer filed a petition to revoke Mr. Lowe's

supervised release due to three alleged violations of standard and mandatory release

conditions.  The government eventually dropped one of these allegations.  Mr. Lowe

stipulated that he had violated a standard condition of his release by traveling outside the

judicial district without permission of the court or probation officer.  Thus, the only

allegation in dispute at the revocation hearing was whether Mr. Lowe violated the

mandatory condition, which states: "While on supervised release, you shall not commit another Federal, state, or local crime and shall not illegally possess a controlled substance." ROA, Vol. 1 at 46.

The government presented substantial evidence that Mr. Lowe had been involved in two burglaries. Summarizing some of that evidence, the district court stated:

> The Government has shown that defendant's car was in the proximity of the first burglary, the clothing in the back of defendant's car matched the clothing in both robbery videos. The defendant admitted that his first story about the woman from the casino in Tulsa was untrue. The defendant further had first told the story about the other individual in the car as being related and then later changed that story.

ROA, Vol. 2, Doc. 106 at 39. Mr. Lowe insisted that despite his presence near the two crime scenes, he did not know his companions were committing burglaries.

The district court found the government had met its burden of showing by a preponderance of the evidence that Mr. Lowe had violated the conditions of his release by committing a federal, state, or local crime. The court revoked Mr. Lowe's supervised release both for that violation and the stipulated violation regarding his unauthorized travel. Mr. Lowe was sentenced to 23 months' imprisonment followed by 13 months' supervised release. The court stated that it took into consideration the sentencing factors under 18 U.S.C. § 3553 and noted, among other things, the defendant's extensive criminal history. The burglaries were a grade B violation of his supervised release, *see*

U.S.S.G. § 7B1.1, and Mr. Lowe had a category VI criminal history. [1] According to

those factors, his sentence was within the Sentencing Guidelines policy statement range,

*see* U.S.S.G. § 7B1.4, and below the statutory maximum, *see* 18 U.S.C. § 3583(e)(3).

Mr. Lowe filed a timely notice of appeal. His counsel then filed an *Anders* brief

and motion to withdraw, arguing that nothing in the record could support a reversal of the

revocation or a change in the sentence. Mr. Lowe did not file a response. The

government agreed there are no non-frivolous issues that could be raised on appeal and

notified the court that it would not file an answer brief.

## III. DISCUSSION

### A. *Standard of Review and Applicable Law*

Pursuant to *Anders,* counsel may "request permission to withdraw where counsel

conscientiously examines a case and determines that any appeal would be wholly

frivolous." *United States v. Calderon,* 428 F.3d 928, 930 (10th Cir. 2005).

> Under *Anders,* counsel must submit a brief to the client and the appellate court
> indicating any potential appealable issues based on the record. The client may
> then choose to submit arguments to the court. The Court must then conduct a full
> examination of the record to determine whether defendant's claims are wholly
> frivolous. If the court concludes after such an examination that the appeal is
> frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

---

[1] The sentencing transcript depicts the court stating that the criminal history category for Mr. Lowe is VI and the supervised release violation was grade D under the Sentencing Guidelines. *See* ROA, Vol. 2, Doc. 116 at 2-3. We are convinced the "D" is a typo, because the appropriate classification is clearly "B" under the Guideline definitions, *see* U.S.S.G. § 7B1.1, and the sentence imposed is within the range for a grade B violation as explained above. Furthermore, there is no grade "D" violation defined under the Guidelines for supervised release violations. *See id.*

*Id.* (citing *Anders,* 386 U.S. at 744). Because Mr. Lowe and the government declined to file briefs, we have considered Mr. Lowe's counsel's *Anders* brief and have made a full review of the record.

On appeal of a sentence imposed after revocation of supervised release, we review the district court's factual findings for clear error and its legal conclusions de novo. *See United States v. Tsosie,* 376 F.3d 1210, 1217-18 (10th Cir. 2004), *cert. denied,* 543 U.S. 1155 (2005). "[W]e will not reverse a revocation sentence imposed by the district court if it can be determined from the record to have been reasoned and reasonable." *United States v. Contreras-Martinez,* 409 F.3d 1236, 1241 (10th Cir. 2005) (quotation omitted). "In imposing a sentence following revocation of supervised release, a district court is required to consider both [U.S.S.G.] Chapter 7's policy statements as well as a number of factors provided in 18 U.S.C. § 3553(a)." *United States v. Cordova,* 461 F.3d 1184, 1188 (10th Cir. 2006) (citation omitted). The Chapter 7 policy statements address violations of supervised release and recommend advisory sentencing ranges.

In considering the 18 U.S.C. § 3553(a) factors, the district court "is not required to consider individually each factor listed . . . nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." *Id.* at 1189 (quotations omitted). But the district court must "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), and provide enough reasoning "to satisfy the appellate

court that [the sentencing judge] has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States,* 551 U.S. 338, 356 (2007).

**B.** *There Are No Meritorious Issues to Appeal*

After reviewing the record, we agree with Mr. Lowe's counsel that it indicates no meritorious issues that may be appealed. Imposition of a prison sentence and supervised release following revocation of supervised release is authorized under 18 U.S.C. § 3583(e)(3). *See Johnson v. United States,* 529 U.S. 694, 712-13 (2000). The sentence imposed was within statutory bounds. *See* 18 U.S.C. § 3583(e)(3).

We need not address whether Mr. Lowe's stipulation to unauthorized travel outside the judicial district was knowing and voluntary because the court had independent grounds for the revocation and sentence. The record contains sufficient evidence for the court to find Mr. Lowe's involvement in the alleged burglaries, which violated his supervised release. Mr. Lowe exercised his opportunity to allocute under Fed. R. Crim. P. 32.1(b)(2)(E), claiming not to have been knowingly involved with the burglaries. But this only raises a credibility and weight-of-the-evidence issue "within the province of the district court." *See United States v. DeJear,* 552 F.3d 1196, 1200 (10th Cir. 2009), *cert. denied,* 129 S. Ct. 2418 (2009). Thus, the court properly found Mr. Lowe had violated the conditions of his release.

The district court provided its reasons in open court both for revoking supervised release and imposing the sentence. The court considered the advisory range from

Chapter 7 policy statements of the Sentencing Guidelines and imposed a sentence within the recommended range. *See* U.S.S.G. § 7B1.4. The court also stated that it had considered the 18 U.S.C. § 3553 factors in imposing the sentence:

> Specifically, the sentence reflects the seriousness of defendant's violations and the likelihood that the defendant will continue to be involved in criminal activity if allowed to remain in the community. The Court recognizes extensive criminal history and notes an ongoing pattern of criminal conduct. This revocation sentence promotes respect for the law and will afford adequate deterrence to the offender and to others who may be inclined to commit similar conduct in the future. Furthermore this sentence will provide just punishment for the violations.

ROA, Vol. 2, Doc. 116 at 7.

Nothing suggests that the imposition of the sentence was procedurally unreasonable. Given that the sentence was within the range recommended by the Sentencing Guidelines, it is presumptively substantively reasonable. *See Rita,* 551 U.S. at 347; *United States v. McBride,* 633 F.3d 1229, 1232 (10th Cir. 2011). There is also no ground for finding an abuse of discretion for substantive unreasonableness in light of the court's § 3553(a) analysis.

## IV. CONCLUSION

We DISMISS the appeal and GRANT counsel's motion to withdraw.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge