**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　　Plaintiff–Appellee,

v.

LARRY D. DODDS,

　　　　　Defendant–Appellant.

No. 09-3194

(D.C. No. 03-CR-20112-KHV-DJW-1)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f).

This appeal arises out of the revocation of Defendant's supervised release. At his revocation hearing, Defendant admitted he violated the conditions of his supervised release by missing an ordered drug screen and knowingly using PCP. After receiving testimony and hearing arguments from counsel, the court revoked Defendant's supervised release and sentenced him to twelve months of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment and two years of supervised release. Defendant now appeals the imposition of this sentence.

Defendant first challenges the procedural reasonableness of his sentence. Specifically, he argues the court improperly failed to articulate whether it had considered and rejected the availability of drug treatment programs under 18 U.S.C. § 3583(d). He also argues the court erred when it failed to specify the statutory provision on which the revocation was based. Because Defendant did not raise these arguments before the district court, we review them only for plain error. *See United States v. McComb*, 519 F.3d 1049, 1054 (10th Cir. 2007).

After reviewing the record, we are satisfied the court committed no error, much less error that was plain. In *United States v. Hammonds*, 370 F.3d 1032, 1038-39 (10th Cir. 2004), we rejected a virtually identical challenge to a sentencing court's implicit rejection of the § 3583(d) treatment option without a specific ruling on the record. Just as in *Hammonds*, the record in this case reflects that the court was aware of its discretion to order treatment rather than revocation, and Defendant cites to no facts indicating this decision was an abuse of discretion. As for Defendant's second argument, we conclude Defendant was sufficiently informed of the basis for the revocation decision. Moreover, Defendant has not identified how any error in failing to specify the statutory subsection affected his substantial rights in this case.

Defendant also suggests his sentence was substantively unreasonable.

-2-

However, he has cited to no facts rebutting the presumption of reasonableness attached to his guidelines-range sentence. *See United States v. Sutton*, 520 F.3d 1259, 1262 (10th Cir. 2008). We therefore reject Defendant's challenge to the substantive reasonableness of his sentence.

The district court's order is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge