FILED
United States Court of Appeals
Tenth Circuit

February 14, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSIBISA MCBRIDE,

Defendant - Appellant.

No. 10-3206

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 5:05-CR-40083-SAC-1)**

---

Cyd K. Gilman, Federal Public Defender, (Marilyn M. Trubey, Assistant Federal Public Defender, with her on the brief), District of Kansas, Topeka, Kansas, for Defendant - Appellant.

Barry R. Grissom, United States Attorney, (James A. Brown, Assistant United States Attorney), District of Kansas, Topeka, Kansas, for Plaintiff - Appellee.

---

Before **HARTZ**, **BRORBY**, and **TYMKOVICH**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

After Defendant Osibisa McBride admitted violating the terms of his supervised release, the United States District Court for the District of Kansas revoked his release and sentenced him to 12 months' incarceration. *See* 18 U.S.C.

§ 3583(e)(3).  Defendant appeals the sentence, claiming it was substantively and procedurally unreasonable.  We have jurisdiction under 28 U.S.C. § 1292 and affirm.*  Defendant has not overcome the presumption that his sentence, which was within the range suggested by the United States Sentencing Commission's policy statements, was reasonable in length.  And he has failed to satisfy his burden of showing plain error arising from the district court's alleged procedural errors, to which he did not object below.

## I.    BACKGROUND

On November 15, 2006, Defendant pleaded guilty to possessing ammunition after being convicted of a misdemeanor crime of domestic violence.  *See* 18 U.S.C. § 922(g)(9).  He was sentenced to 51 months' imprisonment and two years of supervised release.  One of the standard conditions of the supervised release was that "the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances."  R., Vol. 1 at 24.

Defendant's supervised release began on January 13, 2010, upon his release from prison.  On April 21 he was placed in a curfew program because of

---

*After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

violations of the terms of his release. And on May 18 he was ordered to live in a residential re-entry center (a halfway house) because of additional violations. While living there he twice tested positive for marijuana, tested positive for alcohol, and signed out to work on a day he was not scheduled to work. On July 14 his probation officer asked that the supervised release be revoked, and the district court issued a warrant for Defendant's arrest the next day.

At the revocation hearing Defendant stipulated to one of the six violations alleged in the Probation Office's petition for a warrant: his failure to comply with the rules of the halfway house by consuming marijuana and alcohol. After finding that Defendant had committed a Grade C offense and that his criminal-history category was VI, the district court stated that it intended to impose a 12-month sentence. It explained:

> The Court has considered the nature and circumstances, the characteristics of the defendant, the sentencing objectives, and the Court has considered the advisory non-binding Chapter 7 policy statements. Specifically, the Court has considered the defendant was referred to outpatient counseling and failed to comply. The Court has also considered that the defendant failed to comply with the residential re-entry center placement.

*Id.*, Vol. 2 at 8. It then requested comments. The prosecutor said that he had no objections to the proposed sentence. Defense counsel, however, requested that Defendant be placed in "inpatient treatment rather than sending him back to prison." *Id.* at 9. Alternatively, she requested that the sentence be 12 months and one day, although she did not explain why she sought the additional day. The

court asked the probation officer for any comments on the request; the officer responded that Defendant had failed treatment opportunities in outpatient counseling and at a halfway house and that Defendant "could receive treatment while he was in custody." *Id.* at 11. The prosecutor then repeated that he thought the proposed sentence was appropriate. The court "denie[d] the request of defense counsel," *id.*, and imposed the proposed sentence. On the request of defense counsel, the court recommended that Defendant be provided drug treatment while in prison.

## II. DISCUSSION

Before deciding whether to revoke a term of supervised release and determining the sentence imposed after revocation, the district court must consider the factors set out in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] *See* 18 U.S.C. § 3583(e). Our review

_____

[1]18 U.S.C. § 3553 states in relevant part:
(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed—
        . . . .
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(continued...)

of the court's application of these factors is deferential. "[W]e will not reverse a revocation sentence imposed by the district court if it can be determined from the record to have been reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005) (brackets and internal quotation marks omitted). Under our current nomenclature, a "reasoned" sentence is one that is "procedurally reasonable"; and a "reasonable" sentence is one that is

---

[1](...continued)

. . . .

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(1)], subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under [28 U.S.C. § 994(p)]); and

(ii) that, except as provided in [18 U.S.C. § 3742(g)], are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(3)], taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under [28 U.S.C. § 994(p)]);

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(2)], subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under [28 U.S.C. § 994(p)]); and

(B) that, except as provided in [18 U.S.C. § 3742(g)], is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

"substantively reasonable." To say that the district court acted reasonably—either procedurally or substantively—is to say that it did not abuse its discretion. *See United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008). Defendant argues that his sentence was both substantively and procedurally unreasonable. We first address substantive reasonableness.

A. **Substantive Reasonableness**

Defendant argues that it was substantively unreasonable for the district court to refuse to give him a sentence of 12 months and one day, which would have allowed him to earn good-time credit and thereby reduce his incarceration time. We agree that such a sentence would have been reasonable. But Defendant must do more than show that his preferred sentence was a reasonable one. In virtually every case, many sentences would be reasonable. To obtain relief, he must show that the actual sentence imposed was outside this range of reasonableness. *See United States v. Medley*, 476 F.3d 835, 840 (10th Cir. 2007).

In assessing what sentence would be reasonable for violation of a condition of supervised release, the district court has been instructed by Congress to consider "the applicable . . . policy statements issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(4)(B). These policy statements serve essentially the same role as the now-advisory sentencing guidelines issued by the Commission. They represent an expert assessment of appropriate sentencing practices, often informed by empirical data regarding actual sentencing practices.

-6-

*See Rita v. United States*, 551 U.S. 338, 348–50 (2007); U.S. Sentencing

Guidelines Manual (USSG) ch. 1, pt. A, at 4 (noting that Commission's empirical

approach included analysis of "the United States Parole Commission's guidelines

and statistics"). We have applied a presumption of reasonableness in reviewing

within-guidelines sentences imposed upon conviction. *See United States v. Kristl*,

437 F.3d 1050, 1055 (10th Cir. 2006). And the Supreme Court has upheld that

presumption because "when the judge's discretionary decision accords with the

Commission's view of the appropriate application of § 3553(a) in the mine run of

cases, it is probable that the sentence is reasonable." *Rita*, 551 U.S. at 351.

For the same reason, that presumption is also appropriate in reviewing a

revocation-of-supervised-release sentence within the range suggested by the

Commission's policy statements. We note that two other circuits that have

adopted the presumption in the original-sentence context have applied it to

revocation sentences. *See United States v. Petreikis*, 551 F.3d 822, 824–25 (8th

Cir. 2009); *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008). And

two panels of this court have adopted the same view in nonprecedential,

unpublished opinions. *See United States v. Dodds*, 385 Fed. App'x 829, 830

(10th Cir. 2010) (unpublished); *United States v. Harsh*, 368 Fed. App'x 873, 876

(10th Cir. 2010) (unpublished). We emphasize, however, that the presumption is

a rebuttable one. It may be rebutted "by demonstrating that the sentence is

unreasonable in light of the other sentencing factors laid out in [18 U.S.C.] § 3553(a)." *Kristl*, 437 F.3d at 1055.

Here, Defendant's sentence is entitled to the presumption of reasonableness. His sentence was 12 months' imprisonment. For a releasee such as Defendant—who has committed a Grade C offense and has a criminal-history level of VI—the policy statements recommend 8 to 14 months' imprisonment. *See* USSG § 7B1.4.

Defendant has not rebutted the presumption. He argues only that by sentencing him to an extra day, the district court could have, in effect, reduced his time in prison by making him eligible for good time. But he does not explain why the court was unreasonable in ruling that the "longer" sentence was more appropriate. We therefore reject Defendant's challenge to the substantive reasonableness of his sentence.

## B.    Procedural Reasonableness

Defendant contends that the district court committed two procedural errors in imposing the sentence. First, he asserts that the district court considered "allegations that had neither been stipulated to, nor proven by the presentation of evidence." Aplt. Br. at 5. He is apparently referring to the district court's statement that it had considered his failure to comply with the requirements for both his outpatient counseling and his placement in a residential re-entry center. Second, he complains that the district court did not indicate that it had considered

his request for inpatient treatment instead of prison. Defendant, however, did not raise either issue at the revocation hearing. Accordingly, we review for plain error. *See United States v. McComb*, 519 F.3d 1049, 1054 (10th Cir. 2007). "We will find plain error where there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* Defendant is not entitled to relief if he fails to establish one or more of the four elements of plain error. *See United States v. Romero*, 491 F.3d 1173, 1179 (10th Cir. 2007).

With respect to the first alleged procedural error, Defendant fails on the third prong; he cannot show that the alleged error affected his substantial rights. *United States v. Zubia-Torres*, 550 F.3d 1202 (10th Cir. 2008), is instructive. In that case the defendant complained on appeal that no evidence had been presented in district court that his state-court conviction had been for selling drugs rather than just possessing them. *See id.* at 1204. But the government had not had occasion to seek or produce the relevant documents because in district court his defense counsel had not challenged the assertion in the presentence report that his prior offense was for distributing drugs. *See id.* at 1208–09. And defense counsel had never, even on appeal, presented evidence that the conviction was for simple possession. *See id.* at 1209. We held that we would not remand absent a showing that the sentencing would be different the second time. "[I]f appropriate documents showed that [the defendant's] conviction was for a drug trafficking

offense," we said, "then the [sentencing] enhancement would properly apply, notwithstanding any legal error in the sentencing judge's approach." *Id.* We reiterated this court's longstanding rule that "factual disputes not brought to the attention of the trial court do not rise to the level of plain error." *Id.* at 1210 (brackets and internal quotation marks omitted).

Here, too, we will not reverse for plain error unless Defendant can show that the result after remand (when the government will have an opportunity to put on evidence regarding Defendant's compliance with the rules governing him) would probably be different. Yet Defendant has not even *argued* that the government could not prove that he failed to comply with the terms of his outpatient counseling or of his placement in a halfway house. Without showing that the government could not prove these facts, Defendant cannot establish prejudice. *See id.* at 1209–10. If the district court was relying on facts that were disputed, Defendant should have objected at the time rather than awaiting appeal and requesting that we remand for what might well be a futile enterprise.

As for Defendant's claim that the district court did not consider his request for inpatient treatment, he fails on the first prong of plain-error review. Contrary to Defendant's assertion, there was no error because the court explicitly rejected his request to be placed in an inpatient facility. After expressing its tentative views on an appropriate sentence and then hearing from defense counsel, the probation officer, and the prosecution, it said, "Well, the Court denies the request

of defense counsel." R., Vol. 2 at 11–12. The court did not need to say more than it did. When imposing a within-guidelines sentence after conviction, a court is not required to discuss its reasons in detail; it need only provide "a general statement of the reasons for its imposition of the particular sentence." *McComb*, 519 F.3d at 1054 (internal quotation marks omitted). The Supreme Court has explained why more is generally unnecessary:

> [W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commissions's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical. Unless a party contests the Guidelines sentence generally under § 3553(a)—that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way—or argues for departure, the judge normally need say no more.

*Rita*, 551 U.S. at 356–57. The same rationale applies to sentences after revocation of probation or supervised release when they are within the range recommended by the Commission's policy statements. The district court's comments adequately explained why it was imposing incarceration rather than inpatient treatment.

## III.  CONCLUSION

We AFFIRM the judgment of the district court.