FILED
United States Court of Appeals
Tenth Circuit

July 12, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH DALE FLOWERS,

Defendant - Appellant.

No. 11-3049

(D. Kansas)

(D.C. No. 5:05-CR-40025-RDR-1)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

I.      INTRODUCTION

After Defendant Joseph Dale Flowers violated the terms of his supervised

release, the United States District Court for the District of Kansas revoked his

release and sentenced him to incarceration for 12 months and one day and

supervised release for 12 months. Defendant appeals his sentence, arguing that it

was substantively unreasonable. We disagree and affirm. Defendant has failed to

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rebut the presumption of reasonableness that attaches to his within-guideline-range sentence.

## II.     BACKGROUND

In October 2005 Defendant pleaded guilty in federal court to one count of possessing with intent to distribute approximately 40 grams of a mixture containing methamphetamine, *see* 21 U.S.C. § 841(a)(1), and one count of possessing a firearm after being convicted of a felony, *see* 18 U.S.C. § 922(g). On July 28, 2006, the district court imposed sentences of 100 months' imprisonment and three years of supervised release on each count, to be served concurrently. His sentence was later reduced to 60 months' imprisonment.

Defendant's term of supervised release began on September 15, 2010. On November 17 the probation office executed a petition to revoke it. The petition alleged that Defendant had violated the terms of his supervised release by (1) failing to report to the probation office within 72 hours after being released from prison; (2) failing to make himself available for a visit by a probation officer; (3) possessing and consuming methamphetamine; (4) failing to participate in an approved program for substance abuse; and (5) failing to report to the probation office as directed.

The district court held a revocation hearing on December 9, 2010. At the hearing Defendant stipulated to the alleged violations and asked that the court modify the conditions of his release to require him to complete an inpatient drug-

treatment program. The court continued the hearing for 60 days and ordered Defendant to begin an inpatient treatment program immediately. It also imposed a curfew and required Defendant to reside with his parents. The court told Defendant that this was "[a]bsolutely [his] last chance," R., Vol. 2 at 11, and that it had "reached the end of [its] rope as to what [it] [could] do." *Id.* at 13.

Defendant began inpatient drug treatment on December 9, 2010, and successfully completed the program on December 22. But within a month of finishing the program he failed to submit to drug testing on four occasions and once submitted a urine specimen that tested positive for methamphetamine. In response, the probation office amended its petition and again asked the district court to revoke Defendant's release.

The district court resumed the revocation hearing on February 3, 2011. At the outset of the hearing, Defendant's counsel acknowledged his prior stipulations and said that Defendant was "very cognizant of the Court's statements" at the prior hearing. Nevertheless, she requested that the court continue Defendant on supervised release, and stated that he would "abide by any additional conditions that the Court might set." *Id.* at 19. If, however, the court was not amenable to this request, Defendant wished to receive a sentence of 12 months and one day (to make him eligible for good-time credit), with no supervision following his release. The court, voicing frustration with Defendant's repeated relapses, rejected the proposal. Although the court thought that Defendant needed help

-3-

more than punishment, it had "trouble reaching any solution . . . except incarceration." *Id.* at 20–21.

The Sentencing Commission's policy statements suggest that a defendant with a grade B violation and criminal-history category of IV should receive a sentence within a range of 12 to 18 months' incarceration. *See* USSG § 7B1.4. Following this suggestion, the district court sentenced Defendant to incarceration for 12 months and one day followed by one year of supervised release. Defendant timely appealed.

## III. DISCUSSION

Our review of the sentence imposed is deferential. "[W]e will not reverse a revocation sentence imposed by the district court if it can be determined from the record to have been . . . reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005) (brackets and internal quotation marks omitted). A revocation-of-supervised-release sentence within the range suggested by the Sentencing Commission's policy statements, such as the sentence here, is entitled to a presumption of reasonableness. *See United States v. McBride*, 633 F.3d 1229, 1233 (10th Cir. 2011).

Defendant does not contest the district court's calculation of the suggested sentencing range. Instead, he contends that his sentence is substantively unreasonable in light of the court's stated goal of helping him overcome his methamphetamine addiction and the goals of 18 U.S.C. § 3553(a). He asserts that

the sentence imposed "communicated to [him] that successfully completing inpatient treatment, and trying to get back on the right track meant nothing." Aplt. Br. at 6. He suggests that continuing his supervised release rather than imposing additional incarceration would have been a reasonable sentence.

We disagree. The sentence proposed by Defendant may have been reasonable. But that does not mean that a harsher penalty was unreasonable. As we have previously explained, there is often "a range of possible [sentences that] the facts and law at issue can fairly support[.] . . . [W]e will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Defendant's failure to heed the district court's warning that this was "[a]bsolutely [his] last chance" to avoid incarceration, R., Vol. 3 at 11, together with his history of repeated relapses, justifies the sentence imposed. Defendant has not overcome the presumption that his within-guideline sentence fell within the realm of rationally available choices.

## IV. CONCLUSION

We AFFIRM.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge