FILED
United States Court of Appeals
Tenth Circuit

October 26, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT ALLEN CORLEY,

Defendant-Appellant.

No. 11-7013
(D.C. No. 6:97-CR-00039-FHS-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

Robert Allen Corley appeals the sentence imposed following revocation of

his supervised release. The district court sentenced him to 50 months in prison,

four months above the range indicated by the United States Sentencing Guidelines

("Guidelines" or "U.S.S.G."). Our jurisdiction arises from 28 U.S.C. § 1291 and

18 U.S.C. § 3742(a). We affirm.

---

[*]  After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

In 1997, Mr. Corley entered guilty pleas to two counts of a numerous-count indictment charging him and others with drug-trafficking and firearms crimes. He entered guilty pleas to counts one and two: conspiracy to possess with intent to distribute and distribution of methamphetamine, and money laundering. His Guidelines sentencing range was 235 to 293 months. He was sentenced to 168 months in prison, to be followed by 60 months of supervised release. The conditions of his supervised release included prohibitions on possessing a controlled substance and possessing a firearm. R. Vol. 1 at 79. After serving 13 years, he was released from prison and he began his period of supervised release.

In February 2011, the United States Probation Office sought to revoke Mr. Corley's supervised release, asserting that he had violated the terms of supervised release by illegally possessing a controlled substance and a firearm. Those proceedings culminated in a final hearing, at which the district court heard testimony from three witnesses. One testified, among other things, that he and Mr. Corley went from Stidham to Oklahoma City in the spring of 2010, where he observed Mr. Corley purchase methamphetamine from a man called "Monday." When they returned to Stidham, Mr. Corley gave the witness a rock of methamphetamine, which he smoked. The district court also heard the testimony of an agent with the Drug Enforcement Administration, showing that Mr. Corley

had been in telephone contact with Monday 40 to 50 times between January and June of 2010.

The district court also heard from Carrie Stachmus, whose testimony forms the basis of this appeal. She admitted that she was a regular methamphetamine user. She described a trip to Oklahoma City in the late spring or early summer of 2010 with Mr. Corley and his wife to purchase methamphetamine from her drug connection there. She stated that Mr. Corley gave her $4000 to purchase methamphetamine, but Mr. Corley rejected it because it "wasn't quality, it was cut," R. Vol. 2 at 83. According to Ms. Stachmus, Mr. Corley told her to get his money back, and when she could not, he and his wife "battered" her, and Mr. Corley held a gun to her head. *Id.* at 89. Near the conclusion of her testimony, the district court asked Ms. Stachmus when was the last time she had used methamphetamine. She responded that she had not used methamphetamine since the previous December, two or three months before the hearing. On her way out of the courthouse, however, she told a victim-witness assistant that she had lied to the judge about how long it had been since she had used methamphetamine. This was promptly reported in open court. Defense counsel objected to basing the revocation of supervised release on Ms. Stachmus's testimony. The district court then inquired whether the government had made a deal with Ms. Stachmus in exchange for her testimony. The prosecutor responded that no deal had been made with her, although she was not prosecuted as part of

the broader drug conspiracy, "primarily because she wasn't a significant enough player in any of that for [the government] to be interested in her." *Id.* at 146-47. The prosecutor further reported that state charges were pending against Ms. Stachmus but he also had made no deal with the state prosecutor.

The district court found that Mr. Corley had violated the conditions of his supervised release, specifically that he illegally possessed a controlled substance, methamphetamine, for the purpose of distribution. The court found Ms. Stachmus not credible and therefore dismissed the firearms charge because it was based solely on her testimony. The court noted that the other witnesses provided sufficient evidence that Mr. Corley had possessed methamphetamine.

The district court advised Mr. Corley that the Guidelines sentencing range for revocation of his supervised release was 37 to 46 months, and that the statutory maximum was 60 months on count one (the drug charge) and 24 months on count two (the firearms charge) of the original offenses. *See* 18 U.S.C. § 3583(e)(3).

The district court imposed a sentence of 50 months on count one and 24 months on count two, to run concurrently. In sentencing Mr. Corley, the court noted that it had reviewed the applicable statutes and policy statement. The court considered the nature and circumstances of Mr. Corley's conduct, as well has his criminal history and characteristics, and determined that the 50-month sentence provided just punishment for noncompliance with the terms of his supervised

-4-

release, was an adequate deterrent from criminal conduct, and promoted respect for the law.

Mr. Corley appeals the 50-month sentence, contending that Ms. Stachmus's lie about how long it had been since she had used methamphetamine "corrupted the evidentiary process." Aplt. Br. at 23. Accordingly, he argues that the sentence is substantively unreasonable.

*Discussion*

Our review of the district court's application of the relevant factors for revoking a term of supervised release and determining the sentence is deferential. *United States v. McBride*, 633 F.3d 1229, 1231-32 (10th Cir. 2011). We will affirm a revocation sentence if it is procedurally and substantively reasonable. *Id.* at 1232. "A sentence in excess of that recommended by the Chapter 7 policy statements will be upheld if it can be determined from the record to have been reasoned and reasonable." *United States v. Steele*, 603 F.3d 803, 807 (10th Cir. 2010) (internal quotation marks omitted) (brackets omitted). "To say that the district court acted reasonably–either procedurally or substantively–is to say that it did not abuse its discretion." *McBride*, 633 F.3d at 1232. We will find an abuse of discretion only if the sentence imposed is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (internal quotation marks omitted).

Mr. Corley does not challenge the revocation of his supervised release, nor does he allege that his revocation sentence is procedurally unreasonable. He contends that his sentence is substantively unreasonable because the district court may have relied on Ms. Stachmus's testimony in imposing an above-Guidelines sentence.

There is no indication in the record that the district court's decision to impose an above-Guidelines sentence was influenced by Ms. Stachmus's testimony. To the contrary, the record makes clear that the court gave no weight to her testimony. The court dismissed the firearms count because it was based solely on her statement, and the court specifically noted that the testimony of the other witnesses established the controlled-substance violation.

Moreover, the applicable policy statement supports an above-Guidelines sentence. The district court is to consider "the applicable . . . policy statements issued by the Sentencing Commission," when deciding on a reasonable sentence for violating a condition of supervised release. 18 U.S.C. § 3553(a)(4)(B). "These policy statements . . . represent an expert assessment of appropriate sentencing practices, often informed by empirical data regarding actual sentencing practices." *McBride*, 633 F.3d at 1232. The applicable policy statement was U.S.S.G. § 7B1.4, pertaining to imprisonment upon revocation of supervised release. Application note 4 to § 7B1.4 provides, "[w]here the original sentence was the result of a downward departure . . . an upward departure may be

-6-

warranted." Mr. Corley's original sentence was the result of downward departure. Accordingly, an upward departure was warranted on the revocation sentence.

Applying our deferential standard of review, and "tak[ing] into account the totality of the circumstances, including the extent of [the] variance from the Guidelines range," *Gall v. United States*, 552 U.S. 38, 51 (2007), we determine that the sentence above the Guidelines range, but below the statutory maximum, is substantively reasonable.

The judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge