FILED
United States Court of Appeals
Tenth Circuit

December 19, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FERNANDO ONOFRE-JAVIER,

    Defendant - Appellant

No. 11-2150
(D.C. No. 2:09-CR-02757-JEC-1)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

Fernando Onofre-Javier appeals the district court's imposition of a 12-month

sentence for his violation of supervised release, which is to run consecutively to a 15-

month sentence for illegally reentering the United States. He argues the 12-month

sentence is substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

and 18 U.S.C. § 3742(a), we affirm.

## I.  BACKGROUND

Mr. Onofre-Javier has been convicted of illegal reentry of a removed alien under 8 U.S.C. § 1326 on four occasions.  Most recently, he was arrested for illegal reentry on February 7, 2011, after having been deported on November 14, 2010.  Mr. Onofre-Javier pled guilty to illegal reentry for his most recent offense.  The district court accepted the plea agreement and sentenced Mr. Onofre-Javier to 15 months' imprisonment and three years' supervised release.

Because of a 2009 illegal reentry conviction, Mr. Onofre-Javier was already subject to supervised release conditions until November 13, 2012.  Those conditions provided that Mr. Onofre-Javier "shall not commit another federal, state, or local crime," and that he "must not reenter the United States without legal authorization."  ROA, Vol. 2 at 16.  His 2011 reentry was therefore also a violation of those conditions.  Mr. Onofre-Javier admitted to having violated the terms of his supervised release.

At the sentencing hearing for both the illegal reentry conviction and the supervised release violation, Mr. Onofre-Javier requested a four-month consecutive sentence for the latter violation.  The U.S. Sentencing Commission's recommended sentence range for the supervised release violation was 12 to 18 months.  *See* ROA, Vol. 3 at 9-10.  Mr. Onofre-Javier's counsel argued that a four-month sentence added to the 15-month sentence imposed for the reentry conviction "would be greater than he got the last time."  *Id.* at 7-8.  Counsel also argued that a sentence "within the guideline range would be

unreasonable in this case because it just seems to be odd that a supervised release violation's range should be the same as the underlying offense. It seems it should be something less." *Id.* at 8.

The district court rejected this argument and sentenced Mr. Onofre-Javier to an additional 12 months for the supervised release violation, to run consecutively to his 15-month sentence for the reentry conviction.

Mr. Onofre-Javier challenges on appeal only the 12-month sentence for violation of supervised release as substantively unreasonable.

## II. DISCUSSION

"We will not reverse a revocation sentence imposed by the district court if it can be determined from the record to have been reasoned and reasonable." *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011) (quotations omitted). "[A] 'reasoned' sentence is one that is 'procedurally reasonable;' and a 'reasonable' sentence is one that is 'substantively reasonable.' To say that the district court acted reasonably—either procedurally or substantively—is to say that it did not abuse its discretion." *Id.*

Procedural reasonableness is not at issue here. "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (quotations omitted). The factors a court must consider in determining a reasonable sentence after revocation of supervised release include those "set out in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4),

-3-

(a)(5), (a)(6), and (a)(7)." *McBride*, 633 F.3d at 1232 (citing 18 U.S.C. § 3583(e)).

Especially relevant to this case, those factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence . . . to afford adequate deterrence to criminal conduct," *id.* at (a)(2)(B); "applicable guidelines or policy statements issued by the Sentencing Commission," *id.* at (a)(4)(B); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* at (a)(7).

The parties argued at length in their briefs over whether the 12-month sentence should be entitled to a presumption of reasonableness because it is within the U.S. Sentencing Commission's recommended range. This issue was resolved in a recent case where we decided that a "presumption is . . . appropriate in reviewing a revocation of supervised release sentence within the range suggested by the Commission's policy statements." *McBride*, 633 F.3d at 1233. However, "the presumption is a rebuttable one. It may be rebutted by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in 18 U.S.C. § 3553(a)." *Id.* (quotations omitted).

Here, Mr. Onofre-Javier has failed to rebut the presumption of reasonableness. He argues that anything longer than a four-month consecutive sentence for the supervised release violation is substantively unreasonable in that it is "harsher than necessary to achieve [the sentencing goals of 18 U.S.C. § 3553(a)(2)] and would violate the parsimony

principle embodied in these goals."[1]  Aplt. Opening Br. at 4.

------

[1] In his opening brief, Mr. Onofre-Javier argues that the 12-month sentence is too long.  He states that "a four month sentence for his supervised release violation, which, if imposed consecutively to his 15 month sentence for the offense of conviction, would result in a total period of 19 months, and adequate punishment to satisfy the sentencing goals of 18 U.S.C. § 3553(a)(2)."  Aplt. Opening Br. at 4.  He further clarifies that he "did not challenge the consecutive imposition of [his] sentence in the district court *and does not do so on appeal.*"  *Id.* at 8 (emphasis added).  In his reply brief, however, Mr. Onofre-Javier completely changes course.  He claims that he "does *not challenge the reasonableness of the length of his sentence, only the district court's order that he serve it consecutive to his sentence for illegal reentry*, the identical conduct that resulted in his supervised release violation."  Aplt. Reply Br. at 6 (emphasis added).

We do not address Mr. Onofre-Javier's argument made for the first time in his reply brief that the sentences should not be consecutive.  Arguments not raised or inadequately briefed in the opening brief are waived.  *See United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) ("It is well-settled that arguments inadequately briefed in the opening brief are waived." (quotations omitted)); *Bronson v. Swensen,* 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").  Here, Mr. Onofre-Javier not only failed to make the argument in his opening brief, he explicitly relinquished it.  *See* Aplt. Opening Br. at 8.  The argument that the 12-month sentence should not be consecutive is therefore waived.

The "general rule that appellate courts will not entertain issues raised for the first time on appeal in an appellant's reply brief" stems from "reasons . . . [that] are plain."  *Anderson v. United States Dep't of Labor,* 422 F.3d 1155, 1174-75 (10th Cir. 2005) (quotations omitted).

> It robs the appellee of the opportunity to demonstrate that the record does not support an appellant's factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result.  The rule also protects this court from publishing an erroneous opinion because we did not have the benefit of the appellee's response.

*Stump v. Gates,* 211 F.3d 527, 533 (10th Cir. 2000) (citation omitted).  These concerns are especially acute when, as here, an appellant has explicitly indicated he will not be pursuing a certain argument, and then abruptly changes course when the government has no more opportunity to respond.  None of the potential exceptions to this "general rule"

Continued . . .

Mr. Onofre-Javier "must do more than show that his preferred sentence was a reasonable one. . . . To obtain relief he must show that the actual sentence imposed was outside the range of reasonableness." *McBride*, 633 F.3d at 1232. Given Mr. Onofre-Javier's repeated offenses, the district court may have reasonably concluded a 12-month sentence was necessary to provide adequate deterrence. *See* 18 U.S.C. § 3553(a)(2)(B). The sentence was also the minimum recommended by the Sentencing Commission for Mr. Onofre-Javier's violation of supervised release given his criminal history category of IV and his "Grade B Violation." ROA, Vol. 3 at 9-10 (noting a recommended "imprisonment range of 12 to 18 months"). The district court was required to consider the recommended range and may have reasonably concluded that the 12-month sentence was necessary to avoid unwarranted sentencing disparities among similarly situated defendants. *See* 18 U.S.C. § 3553 (a)(4)(B), (a)(7). The district court therefore did not abuse its discretion in imposing the 12-month sentence.[2]

### III.    Conclusion

Because Mr. Onofre-Javier has failed to rebut the presumption that the 12-month

apply in this case. *See Anderson*, 422 F.3d at 1174-75 (noting jurisdiction as one example of such an exception).

[2] Mr. Onofre-Javier also seems to object repeatedly to the fact that both his conviction for illegal reentry and his violation of supervised release are based on the same conduct. But "[t]he violation of a condition of supervised release is a breach of trust and, while the sentencing court at revocation takes into account the seriousness of the underlying crime, it is primarily the breach of trust that is sanctioned." *United States v. Contreras-Martinez,* 409 F.3d 1236, 1241 (10th Cir. 2005).

sentence is substantively reasonable, we affirm.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge