**UNITED STATES COURT OF APPEALS**

**July 11, 2019**

**FOR THE TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 18-8023 |
| | (D.C. No. 1:17-CR-00256-ABJ-1) |
| PEDRO JOSE ROSALES-TRUJILLO, | (D. Wyo.) |
| Defendant - Appellant. | |

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | |
| | No. 18-8032 |
| PEDRO ROSALES-TRUJILLO, | (D.C. No. 2:18-CR-00031-ABJ-1) |
| | (D. Wyo.) |
| Defendant - Appellant. | |

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **SEYMOUR**, and **HOLMES**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant Pedro Jose Rosales-Trujillo appeals the 21-month sentence imposed for his violation of the terms of his supervised release. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. His sentence was within the Sentencing Guidelines policy statement, it is therefore presumed substantively reasonable, and Defendant has not overcome the presumption.

Defendant, who was about 50 years old when sentenced, has an impressive history of violating this nation's immigration laws. He was first ordered deported from the United States on July 28, 1989. Since then, Defendant has never obtained, or even applied for, official consent for readmission to the United States. He has been deported 13 times, and in 1998, 2001, 2004, 2010, and 2018, he was convicted of illegal reentry after deportation. *See* 8 U.S.C. § 1326. For his 2010 violation, the United States District Court for the Western District of Texas sentenced him to 77 months' imprisonment and three years' supervised release. On July 6, 2016, Defendant's term of supervised release commenced when he was released from custody and ordered deported from the United States. In June 2017, while still subject to the terms of his supervised release, Defendant was discovered in the United States when he was arrested in Wyoming for riding a train without a ticket. On January 17, 2018, a jury in the United States District Court for the District of Wyoming found him guilty of illegal reentry after deportation.

Before Defendant was sentenced, jurisdiction over his supervised release was transferred from the Western District of Texas to the District of Wyoming. Defendant waived his right to a preliminary hearing, agreed to have the matter disposed of at

sentencing on his illegal-reentry conviction, and admitted his illegal reentry in violation of the terms of his supervised release.

For the illegal-reentry conviction, the presentence report (PSR) determined that Defendant's total offense level was 12 and his criminal-history category was VI, which resulted in a guidelines range of 30 to 37 months' imprisonment. Because Defendant's illegal reentry in 2017 was an offense punishable by a term of imprisonment exceeding one year, Defendant's violation of the terms of his supervised release was a Grade B violation. *See* USSG § 7B1.1. Under the United States Sentencing Commission sentencing policy for violation of the terms of supervised release, a Grade B violation with a criminal-history category of VI (at the time he was sentenced to supervised release in 2010, *see* USSG § 7B1.4(a)) results in a recommended imprisonment range of 21 to 27 months. *See* USSG § 7B1.4. But the maximum term for violating supervised release is 24 months if, as here, the original conviction was for a Class C felony. *See* 18 U.S.C. § 3583(e)(3); *id.* § 3559(a)(3) (definition of Class C felony); 8 U.S.C. § 1326(b) (maximum penalties for violations of 8 U.S.C. § 1326(a)).

At sentencing, Defendant's counsel attempted to garner sympathy for him by arguing that the majority of his criminal history happened in the 1990s and that in recent years his crimes were all tied to his "being illegal and being impoverished." R., Vol. III at 145. He requested that the district court sentence Defendant to 7 months in prison for the supervised-release violation and a combined total sentence of 36 to 42 months. The district court declined the request. It recounted Defendant's long criminal history dating back to the 1980s and including "convictions for possession of controlled substances,

3

burglary, sale or transportation of marijuana, possession of marijuana for sale, unlawful taking of a vehicle, vehicle theft, false identification to police, second degree robbery, attempted burglary, illegal re-entry, attempted unauthorized use of a motor vehicle, illegal re-entry and then after 2000" a series of illegal-reentry convictions. *Id.* at 151–52. The court also emphasized that Defendant had no significant record of employment or apparent friends or family in the United States:

> Mr. Rosales blames the United States of America for his predicament rather than acknowledging that he has some responsibility and is responsible for his situation. He does not have family or loved ones. And when in this country, probably due to his fear of coming to the attention of law enforcement no real direction or purpose, other than riding the rails and moving from place to place. At some point, the needs of the United States have to be considered.

*Id.* at 152. It concluded that in accordance with the factors enumerated in 18 U.S.C. § 3553(a), Defendant's history "should reflect a high-end sentence." *Id.* at 153. For the illegal reentry, the court sentenced him to 37 months' imprisonment with no term of supervised release. In addition, it sentenced Defendant to 21 months' imprisonment for violating his supervised release, to be served consecutively to the illegal-reentry sentence.[1]

Defendant claims that his 21-month revocation sentence is substantively unreasonable. Substantive reasonableness "concerns whether the length of the sentence

---

[1] Defendant does not contest that the district court may reasonably impose a consecutive sentence for a violation of supervised release. *See* USSG § 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving . . . .").

is reasonable in light of the statutory factors under 18 U.S.C. § 3553(a)." *United States v. Adams*, 751 F.3d 1175, 1181 (10th Cir. 2014). This proposition applies to revocation of supervised release as well as initial sentencing on a conviction. *See United States v. McBride*, 633 F.3d 1229, 1231 (10th Cir. 2011) ("Before deciding whether to revoke a term of supervised release and determining the sentence imposed after revocation, the district court must consider the factors set out in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." ) In assessing a district court's application of these factors, we apply a deferential abuse-of-discretion standard. *See id.* at 1232.

When imposing a sentence for a violation of the terms of supervised release, one of the statutory sentencing factors to be considered is "the applicable guidelines or policy statements issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(4)(B). And we presume that "a revocation-of-supervised-release sentence within the range suggested by the Commission's policy statements" is substantively reasonable. *McBride*, 633 F.3d at 1233. This presumption may be rebutted "by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in . . . § 3553(a)." *Id.*

The presumption of reasonableness applies to Defendant's sentence. His sentence of 21 months' imprisonment is at the low end of the recommended 21–27 month range for a defendant who committed a Grade B offense and has a criminal-history category of VI. *See* USSG § 7B1.4. Defendant has not rebutted the presumption of reasonableness. Indeed, given that he has been deported 13 times and had previously violated a condition of supervised release prohibiting reentry into this country, one could reasonably justify a

sentence longer than that recommended by the policy statement. We are not persuaded by Defendant's two arguments to the contrary.

First, Defendant complains of a "disparity in punishments," Aplt. Br. at 17, because the Western District of Texas imposed a sentence of only seven months when he violated a prior condition of supervised release by unlawfully entering the country. *Cf.* 18 U.S.C. § 3553(a)(6) (court imposing sentence should consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). We see two flaws in this argument. To begin with, substantive reasonableness can encompass a wide range of sentences. As we have explained:

> [W]e recognize that in many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices. And there are perhaps few arenas where the range of rationally permissible choices is as large as it is in sentencing, a task calling on a district court's unique familiarity with the facts and circumstances of a case and its judgment in balancing a host of incommensurate and disparate considerations, ranging from the degree of the defendant's cooperation and remorse to the need for deterring potential future offenders.

*United States v. McComb*, 519 F.3d 1049, 1053–54 (10th Cir. 2007) (internal quotation marks omitted)). Two sentences can both be reasonable even if one is significantly longer than the other. Both a 7-month and a 21-month sentence could be substantively reasonable even if the circumstances were identical. A simple disparity in sentences, particularly when the challenged sentence is within the range recommended by the sentencing commission, cannot support a claim of substantive unreasonableness. *See*

6

*United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009) ("A sentence within a properly ascertained range . . . cannot be treated as unreasonable by reference to § 3553(a)(6)."). Further, we cannot accept Defendant's assumption that the Western District of Texas would decide to impose a seven-month sentence for this second violation of the conditions of supervised release. Just because a court thinks that a particular sentence is appropriate for disregarding the court's first order hardly means that the same court would think the identical sentence is appropriate for a second violation. Ordinarily, repeated violations are punished more harshly.

Defendant's second argument is that the penalty for a violation of supervised release is inappropriate because the sentencing commission now recommends against imposing supervised release on those who will be deported after serving their sentences. *See* USSG § 5D1.1(c). But the new policy is not based on a view that there is no need to punish recidivism by aliens. The rationale is that there is no real need for a separate proceeding to increase the punishment by imposing a sentence for violating conditions of supervised release, since the court can just impose a harsher sentence for the new violation itself. *Cf. id.* cmt. 5. Here, the district court simply imposed guidelines sentences for both the new offense and the violation of supervised release, rather than increasing the sentence for the new violation because of Defendant's egregious recidivist history.

In sum, we are not persuaded that Defendant has overcome the presumption of the reasonableness of his sentence.

We **AFFIRM** Defendant's sentence.

Entered for the Court


Harris L Hartz
Circuit Judge