**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

SKYLER LEE PASLEY,

　　Defendant - Appellant.

No. 19-6148
(D.C. No. 5:08-CR-00289-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.[**]
_____

On July 21, 2009, Defendant was sentenced to a term of 130 months'

incarceration followed by three years of supervised release for possession with intent

to distribute marijuana in violation of 21 U.S.C. § 841 (b)(1)(D), three counts of being

a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), interference with

commerce by robbery in violation of 18 U.S.C. § 1951(a), and brandishing a firearm

---

[*] This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Defendant's term of supervised release commenced on November 27, 2018.

On September 5, 2019, the United States Probation Office filed a petition for a revocation of Defendant's supervised release based on three alleged violations. These violations included: (1) violation of the mandatory condition that Defendant shall not commit another crime; (2) violation of the standard condition that Defendant shall not associate with any persons engaged in criminal activity; and (3) violation of the standard condition that Defendant shall not associate with any persons convicted of a felony. Based on these violations, the advisory guideline range for Defendant's revocation sentence was 12 to 18 months' imprisonment and up to 60 months of supervised release minus any term of incarceration imposed.

On September 16, 2019, the district court held Defendant's final revocation hearing. At the hearing, Defendant stipulated to committing the violations listed in the petition for revocation. Probation recommended a sentence of 18 months' imprisonment, while Defendant requested a sentence of six months. The district court ultimately imposed a low-end guideline sentence of 12 months' incarceration followed by 48 months of supervised release.

Defendant now appeals and argues his sentence is procedurally and substantively unreasonable. Counsel for Defendant filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Defendant did not file a response to the *Anders* brief. The Government declined to submit a brief.

Exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss this appeal as wholly frivolous.

\* \* \*

We review a revocation sentence for reasonableness applying a deferential abuse-of-discretion standard. *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011). Reasonableness review has both a procedural and substantive component. *United States v. Lewis*, 625 F.3d 1224, 1231 (10th Cir. 2010). A sentence may be procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Guideline range, treats the Guideline range as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the sentence. *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). With respect to substantive reasonableness, we consider "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (quoting *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008)). A sentence within the properly calculated guideline is entitled to a rebuttable presumption of reasonableness. *Id.*

Upon review of the record and counsel's *Anders* brief, we find there is no non-frivolous basis for Defendant to argue his low-end guideline sentence is procedurally or substantively unreasonable. In fashioning the appropriate sentence, the district court stated it "read the presentence report" in Defendant's case and considered the parties' arguments, "the sentencing guidelines, which are advisory[,]" and "the sentencing factors set forth in 18 U.S. Code, 3553." ROA Vol. 3 at 30. The district court then

3

explained Defendant was "associating and affiliating with people [he] shouldn't be involved with." *Id.* Defendant also "helped and participated in" a drug deal, in "clear violation" of his supervised release. *Id.* at 30–31. While the district court acknowledged it was "pleased that [Defendant] had a job" and had "reported appropriately to the probation office," the court explained there had to "be a consequence" for Defendant's violations. *Id.* at 31. Accordingly, the court determined a sentence of 12 months' imprisonment followed by 48 months of supervised release was appropriate. We see no basis to reverse the district court's reasoned judgment.

\* \* \*

Accordingly, counsel's motion to withdraw is GRANTED and this appeal is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

4