**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH COLVIN,

Defendant - Appellant.

No. 25-8057
(D.C. No. 2:14-CR-00058-ABJ-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Joseph Colvin admitted to violating four conditions of his supervised release. The district court sentenced him to three years' imprisonment, an upward variance on the applicable range under the United States Sentencing Guidelines. Mr. Colvin now appeals, arguing the district court erred in admitting into evidence and considering in support of its sentence a police report detailing his possession of a firearm. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Colvin, in 2014, pleaded guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of a mixture containing methamphetamine and a mixture or substance containing a detectable amount of heroin, a violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B).  After serving 86 months of his 120-month sentence, Mr. Colvin began a term of supervised release in 2019.  But, in 2021, the district court revoked Mr. Colvin's term of supervised release and sentenced him to nine months' incarceration followed by a new, three-year term of supervised release.  Mr. Colvin served the nine months' incarceration and began his second supervised release term in 2022.

In 2025, police officers arrested Mr. Colvin in Broomfield, Colorado.  The officers detailed the circumstances of that arrest in a police report.  The report detailed, inter alia, that officers found a loaded revolver in Colvin's backpack when they arrested him.  Officers later determined the revolver had been stolen from Gillette, Wyoming, where Mr. Colvin had lived.  Mr. Colvin pleaded guilty in Colorado to three charges stemming from his Broomfield arrest:  third degree assault on a first responder, possession of heroin, and unauthorized use of a financial transaction device.  He served 120 days in jail, and was then transferred to Wyoming to address a warrant the district court had issued for violating his supervised release terms.

The probation office filed a (subsequently amended) petition to revoke Mr. Colvin's supervised release, alleging he:  (1) "failed to report for drug testing" in

2

2024 as required by his special conditions of supervised release; (2) did not timely notify his probation officer he had quit working and moved out of his apartment in Gillette; (3) did not report to his probation officer at all, such that his "whereabouts were unknown from February 2024, until he was arrested in Colorado" in April 2025; and (4) violated the mandatory condition that he not commit another crime with his conviction on the Colorado charges. R. vol. 1 at 33.

Prior to the revocation hearing, the probation office filed a report stating some facts recounted in the petition were given "[a]ccording to the incident report from the Broomfield Police Department." R. vol. 2 at 25. Two days later, Mr. Colvin waived his preliminary hearing under Fed. R. Crim. P. 32.1(b)(1)(A) and admitted all four alleged violations, so the parties proceeded to sentencing.

In support of its sentencing argument, the government moved to admit into evidence the 56-page police report itself, calling the district court's attention to the portion of the report containing the narrative related to Mr. Colvin's arrest. Mr. Colvin objected on two grounds: first, he argued, the report was inadmissible hearsay. Second, he challenged the timing of the report's disclosure, asserting he was "be[ing] handed a report of this magnitude right here in the middle of the hearing, [so] that there's no way that we can even contest it." Supp. R. vol. 2 at 40.[1] But, with respect to this latter objection, he did not move for a continuance.

---

[1] The probation officer stated she "thought [the police report] was emailed to both" the government and Mr. Colvin's counsel in advance of the hearing. Supp. R. vol. 2 at 41.

The district court overruled Mr. Colvin's objections and, relying in part on the police report to find he had in fact possessed a firearm when Broomfield police arrested him, sentenced him to three years' incarceration. This appeal followed.

**DISCUSSION**

"We will not reverse a revocation sentence imposed by the district court if it can be determined from the record to have been reasoned and reasonable." *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011) (internal quotation marks and brackets omitted). "[A] 'reasoned' sentence is one that is 'procedurally reasonable'; and a 'reasonable' sentence is one that is 'substantively reasonable.' To say that the district court acted reasonably—either procedurally or substantively—is to say that it did not abuse its discretion." *Id.*

Mr. Colvin does not challenge the substantive reasonableness of his three-year sentence. Rather, he argues the district court abused its discretion in admitting into evidence and relying on the police report because the report was hearsay and because the government did not disclose it to him before the sentencing hearing. We reject both arguments.

We reject the first argument because "[d]istrict courts are not strictly bound by the Federal Rules of Evidence at sentencing hearings. As a result, hearsay statements may be considered at sentencing if they bear some minimal indicia of reliability. This reliability floor is a requirement of due process." *United States v. Ruby*, 706 F.3d 1221, 1229 (10th Cir. 2013) (internal quotation marks and citations omitted). The police report in this case satisfies this "minimal indicia of reliability"

4

standard because, most relevant here for the purpose the court considered it, police did, in fact, seize a loaded firearm when they arrested Mr. Colvin. *See id.* ("Corroborating evidence is often key to determining whether a statement is sufficiently reliable.").

We reject the second argument because, when a district court is faced with untimely disclosure, "[t]he preferred sanction is a continuance. It would be a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings." *United States v. Jumaev*, 20 F.4th 518, 547 (10th Cir. 2021) (internal quotation marks and citation omitted). But Mr. Colvin did not request a continuance, and we will not conclude the district court abused its discretion in declining to grant one sua sponte. And Mr. Colvin does not argue on appeal, nor did he argue below, that the delayed disclosure stemmed from bad faith. Moreover, the government disclosed the existence of the police report in the probation office's violation report before the hearing, so we cannot conclude his failure to receive a photocopy thereof prior to sentencing was prejudicial.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Bobby R. Baldock
Circuit Judge

5