FILED
United States Court of Appeals
Tenth Circuit

March 8, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDWARD CARVIN,

Defendant-Appellant.

No. 11-3163
(D.C. No. 2:03-CR-20050-KHV-1)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

Edward Carvin pleaded guilty in 2004 to a charge of possessing cocaine base with the intent to distribute. He was sentenced to an 87-month term of imprisonment and a three-year term of supervised release. While he was on supervised release, he was indicted for being a felon in possession of a firearm and his probation officer filed a petition to revoke his supervised release.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After a jury trial, Mr. Carvin was found not guilty of the felon-in-possession charge, but at the revocation hearing the district court found by a preponderance of the evidence that Mr. Carvin had committed the offense. Based on this finding, the court revoked Mr. Carvin's supervised release and sentenced him to a twelve-month term of imprisonment and a forty-eight-month term of supervised release.[1]  Mr. Carvin now appeals, arguing that his sentence is plainly unreasonable.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  For the following reasons, we affirm.

I.  Discussion

Our review of the district court's revocation sentence is deferential.  *United States v. McBride*, 633 F.3d 1229, 1231-32 (10th Cir. 2011).  "We will not reverse a revocation sentence imposed by the district court if it can be determined from the record to have been reasoned and reasonable."  *Id*. at 1232 (brackets and internal quotation marks omitted).  "[A] 'reasoned' sentence is one that is a 'procedurally reasonable'; and a 'reasonable' sentence is one that is 'substantively reasonable.'  To say that the district court acted reasonably . . . is to say that it did not abuse its discretion."  *Id*.  A revocation sentence that falls

---

[1]     Mr. Carvin requested that the court sentence him to a term of twelve months and one day so that he could be eligible for good-time credit.  Accordingly, Mr. Carvin's final sentence was for twelve months and one day with supervised release for forty-seven months and twenty-nine days.

within a properly calculated guidelines range is entitled to a presumption of reasonableness. *Id*. at 1233.

The revocation of supervised release in this case is based primarily on Mr. Carvin's alleged possession of a firearm, which constitutes a violation of federal law and the conditions of his supervised release. The probation office prepared a violation report, which indicated that the guidelines range for the firearm-possession charge (a grade B violation) was a term of imprisonment of six to twelve months.[2] The maximum term of supervised release was sixty months, less any term of imprisonment that was imposed.

At trial, the government's main witness was Chante Hill, who testified that she saw Mr. Carvin with a firearm in his possession. Although the jury acquitted Mr. Carvin of the firearm-possession charge, the district court judge reviewed the trial testimony and noted that she "thought the jury could go either way in terms of whether the charges had been proven by a reasonable doubt." R., Vol. 2 at 595. She further explained that she found Ms. Hill to be a credible witness. Based on Ms. Hill's testimony, the district court concluded by a preponderance of the evidence that Mr. Carvin did possess a firearm on the night in question.

---

[2] Mr. Carvin stipulated that he had committed a grade C violation of his conditions of supervised release. That violation had a guidelines range of four to ten months' imprisonment.

A. Prison Term

Mr. Carvin first argues that the district court imposed an unreasonable sentence because "[t]he court found [him] in possession of a firearm based upon the sole testimony of a witness proved not credible at trial." Aplt. Br. at 16. In reviewing a sentence for reasonableness, we review factual findings for clear error. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

Although the government had to prove the charges at trial beyond a reasonable doubt, a court may revoke a term of supervised release if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ." 18 U.S.C. § 3583(e)(3). Ms. Hill testified that she saw a gun on Mr. Carvin's hip when he entered the home of her boyfriend, Reginald Green. Moments later, someone outside the house fired bullets into the house, injuring two of Ms. Hill's children, as well as another adult and child. In the course of investigating the shooting, police officers found two firearms in the backyard. Photographs of the firearms were introduced at trial and Ms. Hill identified one of them as the firearm she had seen in Mr. Carvin's possession that night. Ms. Hill also identified Mr. Carvin in a photo array that was admitted into evidence. Mr. Carvin has failed to show that the district court clearly erred in finding that he possessed a firearm.

The district court's finding that Mr. Carvin possessed a firearm provided the basis for calculating the sentencing guidelines range of six to twelve months.

Mr. Carvin had been in custody for seven months and he requested a sentence of time served. In rejecting that request, the court explained: "Given the aggravated nature of the grade [B] violation, the risk that was posed to the children inside the house and the pattern of [Mr. Carvin's] continued association with groups of felons, I don't believe that a sentence of time served would be appropriate." R., Vol. 2 at 599-600. The district court then sentenced Mr. Carvin to a prison term of twelve months, within the guidelines range.

A within-guidelines sentence is entitled to a presumption of reasonableness. *McBride*, 633 F.3d at 1232-33. But Mr. Carvin contends that his sentence "is plainly unreasonable under the facts and circumstances of this case," Aplt. Br. at 19, and asserts that he was not "an active participant in [a] dangerous situation," *Id*. at 17. He admitted, however, to violating the terms of his supervised release by "hanging around" with a group of three other convicted felons, R., Vol. 2 at 588-89, and that he went with this group to the house of another convicted felon. The court also referenced testimony from Ms. Hill that this group rushed into the house and shortly thereafter shots were fired into the house. And, the court found that Mr. Carvin was in possession of a firearm that night. Although he argued at the revocation hearing that he "was in the wrong place at the wrong time on that night," *id*. at 584, the district court was not persuaded that this was an isolated incident.

The court considered the appropriate sentencing factors in 18 U.S.C. § 3553(a), noting that it had taken into account "the nature and circumstances of the violations, [Mr. Carvin's] characteristics and history, the sentencing objectives required by Federal law and also the advisory nonbinding Chapter 7 policy statements." *Id.* at 603-04. Mr. Carvin has failed to demonstrate that his sentence is unreasonable in light of the sentencing factors identified in § 3553(a) and therefore he has not rebutted the presumption of reasonableness of his within-guidelines sentence. *See McBride*, 633 F.3d at 1233. Accordingly, the district court did not abuse its discretion in sentencing him to a twelve-month term of imprisonment.

B. Supervised Release

Mr. Carvin next makes a procedural challenge to the district court's decision to sentence him to forty-eight months of supervised release. After the district court stated that Mr. Carvin's supervised-release term would be forty-eight months, Mr. Carvin asked whether he would need to start a new term of supervised release or whether an additional year would be added on to his original three-year term of supervised release. The district court explained that it would be a new term of supervised release. Mr. Carvin did not object to this explanation or to the process by which the district court calculated his term of supervised release.

Mr. Carvin now contends that his sentence is unreasonable because "the court appeared to indicate it was required to sentence [him] to a full 4 years of supervised release." Aplt. Br. at 17.[3] Our review of Mr. Carvin's procedural

---

[3]     This argument is based on the following exchange:

[Mr. Carvin's attorney]: The next question I have for the Court is that you imposed an additional term of supervised release of 48 months. Are you saying an additional 48 months from the time that he walks out of the Bureau of Prisons' custody as opposed to an additional year? Because he was granted -- was placed on three years of supervised release in the original case. He had about at this point six months or more to go. Would the Court consider an additional year on top of the supervised release or an additional two years as opposed to four more years of supervised release upon his release from custody as a provision of your sentence?

The Court: Under 18 [U.S.C. §] 3583(b)(2), if supervised release is reimposed, the term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervision, less any term of imprisonment that was imposed upon revocation.

So it's my understanding that basically we start with -- actually, it would be five years so that would be 60 months. And then we would deduct the term of custody and that would be the balance of supervised release.

[Mr. Carvin's attorney]: Okay.

The Court: So, yes, it's basically -- I think given the fact that this violation would start the supervised release process all over again and go back to square one.

[Mr. Carvin's attorney]: Understood. Thank you, Judge.

R., Vol. 2 at 602-03.

challenge is limited to plain error because he did not raise this challenge below. *See United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010). We will "find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted).

Mr. Carvin has not demonstrated that the district court committed plain error. Any error cannot be plain if the court's actions can only be characterized as "appear[ing] to indicate" error. *See* Aplt. Br. at 17. Here, the forty-eight month term of supervised release is within the proper statutory range. Moreover, the district court explained that:

> The purpose of the continuation of supervised release is to address reintegration objectives, deter him from future criminal conduct, and basically give us a further opportunity to address all of the objectives of the federal sentencing law and ensure that Mr. Carvin does follow up on his stated intent to head a different direction.

R., Vol. 2 at 604. Although Mr. Carvin argues that a substantially shorter supervised release period would have been more than reasonable to address these goals, he must do more than show that his preferred sentence was a reasonable one in order to prevail. *See McBride*, 633 F.3d at 1232.

II.  Conclusion

     We AFFIRM the judgment of the district court.

                                   Entered for the Court


                                   Monroe G. McKay
                                   Circuit Judge