**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

THOMAS WAYNE WHITLOW,

      Defendant-Appellant.

No. 12-3203
(D.C. No. 2:95-CR-20039-KHV-JPO-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Defendant-Appellant Thomas Wayne Whitlow stipulated to violating the

conditions of his supervised release. He appeals his sentence of twelve months

and one day's imprisonment followed by one year of supervised release. We are

addressing Mr. Whitlow's appeal under the analytical framework established by

---

[*]     This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

    After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

*Anders v. California*, 386 U.S. 738 (1967).[1]  For the reasons that follow, we **affirm** the judgment and sentence of the district court.  We also grant the request of Mr. Whitlow's counsel to withdraw from further representation of Mr. Whitlow in this matter.

**I**

The parties are familiar with the facts and procedural history of this case, and we need not restate either at length.  Mr. Whitlow stipulated to three violations of the conditions of his supervised release: he had used marijuana and thus failed to refrain from unlawful use of a controlled substance; he had not obtained gainful employment; and he had not answered truthfully all inquiries by his probation officer.  Because each of these violations was a Class C violation, and because Mr. Whitlow's criminal history category was IV, the resulting Guidelines range was eight to fourteen months' imprisonment.  The district court imposed a sentence of twelve months and one day's imprisonment followed by one year of supervised release.

Mr. Whitlow, through his counsel, filed a timely notice of appeal.  Pursuant to the framework established in *Anders*, Mr. Whitlow's counsel then filed a brief setting forth the potential issues for appeal and requesting permission to withdraw

---

[1]  The Supreme Court held in *Anders* that if defense counsel determines that his client's appeal is "wholly frivolous," counsel must inform the court, request permission to withdraw, and also submit "a brief referring to anything in the record that might arguably support the appeal."  386 U.S. at 744.

from further representation of Mr. Whitlow in this matter. The *Anders* brief identifies two potential issues: the procedural and substantive reasonableness of Mr. Whitlow's sentence.

**II**

"[S]entences are reviewed under an abuse of discretion standard for procedural and substantive reasonableness." *United States v. Gordon*, 710 F.3d 1124, 1160 (10th Cir. 2013) (alteration in original) (quoting *United States v. Snow*, 663 F.3d 1156, 1160 (10th Cir. 2011)) (internal quotation marks omitted). "[W]e review the district court's legal conclusions *de novo* and its factual conclusions for clear error." *United States v. Gallant*, 537 F.3d 1202, 1234 (10th Cir. 2008). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Damato*, 672 F.3d 832, 838 (10th Cir. 2012) (quoting *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010)) (internal quotation marks omitted).

"Procedural reasonableness focuses on whether the district court erred in 'calculating or explaining the sentence.'" *United States v. Halliday*, 665 F.3d 1219, 1222 (10th Cir. 2011) (quoting *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009)). More specifically, procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the

chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)) (internal quotation marks omitted). "[S]ubstantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the 'totality of the circumstances.'" *Id.* at 1118 (quoting *Gall*, 552 U.S. at 51).

## III

With respect to the procedural reasonableness of Mr. Whitlow's sentence, the district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 48. Here, at the request of Mr. Whitlow's counsel for additional findings regarding the district court's decision to impose a term of supervised release, the district court explicitly gave its reasons for doing so. There is no evidence in the record that the district court improperly calculated the Guidelines range, failed to consider the § 3553(a) factors, or relied on clearly erroneous facts in selecting a sentence. *See Sayad*, 589 F.3d at 1116. Thus, we conclude that there is no basis for a non-frivolous challenge to the procedural reasonableness of Mr. Whitlow's sentence.

Turning to the substantive reasonableness of Mr. Whitlow's sentence, the district court sentenced Mr. Whitlow to twelve months and one day's imprisonment, a sentence within the relevant advisory Guidelines range of eight

-4-

to fourteen months' imprisonment.  Because the sentence is within the Guidelines range, it is presumptively reasonable.  *See United States v. McBride*, 633 F.3d 1229, 1232–33 (10th Cir. 2011) ("We have applied a presumption of reasonableness in reviewing within-guidelines sentences imposed upon conviction. . . . [T]hat presumption is also appropriate in reviewing a revocation-of-supervised-release sentence within the range suggested by the Commission's policy statements." (citations omitted)); *see also United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) ("If . . . the district court properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable.").  As the *Anders* brief notes, Mr. Whitlow may disagree with the district court's decision to impose an additional term of supervised release, but that disagreement does not amount to a showing of abuse of discretion.  Thus, we cannot discern any basis here for a non-frivolous contention that Mr. Whitlow's sentence is substantively unreasonable.

In sum, the record does not support a finding that Mr. Whitlow's sentence was procedurally or substantively unreasonable.

**IV**

Having conducted a thorough, independent examination of the record, we conclude that there are no non-frivolous issues to present on appeal.  Therefore, we **affirm** the district court's judgment and sentence, and we grant the request of

Mr. Whitlow's counsel to withdraw from further representation of Mr. Whitlow in this matter.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge