**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILFRED HARRY SALAS,

    Defendant - Appellant.

No. 13-2157
(D.C. No. 2:06-CR-02417-MCA-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Wilfred Salas was sentenced to eleven months' imprisonment after he admitted to

violating the terms of his supervised release. He appeals, and his counsel moves for

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

leave to withdraw in a brief filed pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we dismiss the appeal and grant counsel's motion to withdraw.

## I

Salas pled guilty to possession of a sawed-off shotgun in January 2008. As part of his sentence, Salas received a three-year term of supervised release. In March 2013, during his term of supervised release, Salas was arrested and charged with aggravated driving while intoxicated ("DWI") while on the road at approximately 10:30 p.m. He subsequently admitted that he had violated the condition of his supervised release prohibiting driving between the hours of 8 p.m. and 7 a.m. without the approval of his probation officer.

The district court determined that Salas had committed a Grade C Violation of his supervised release, the lowest grade. U.S.S.G. § 7B1.1(a). Pursuant to the United States Sentencing Guidelines ("Guidelines"), Salas' criminal history category was III, the category applicable at the time of his original sentence. § 7B1.4. Thus, the Guidelines range for his violation of supervised release was five to eleven months' imprisonment. <u>Id.</u> Noting that Salas had two state felony DWI cases pending and concluding that "he jeopardized not only his own life but those around him," the court sentenced Salas to eleven months' imprisonment. Salas filed a timely notice of appeal.

## II

Under <u>Anders</u>, an attorney who "conscientiously examines a case and determines that any appeal would be wholly frivolous" may submit a brief identifying any potentially appealable issues to the court and the client. <u>United States v. Calderon</u>, 428 F.3d 928, 930 (10th Cir. 2005). The defendant may then file a pro se brief. <u>Id.</u> Our task in an <u>Anders</u> case is to "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." <u>Id.</u> If so, we will grant counsel's motion to withdraw and dismiss the appeal. <u>Id.</u>

Sentencing judges may revoke a term of supervised release and impose prison time after a convicted defendant violates a condition of supervised release. <u>United States v. Vigil</u>, 696 F.3d 997, 1002 (10th Cir. 2012). Given Salas' admission to the underlying violation, his attorney frames the issue before the court as whether there are non-frivolous legal grounds to appeal the sentence imposed by the district court. We review sentences "under an abuse of discretion standard for procedural and substantive reasonableness." <u>United States v. Gordon</u>, 710 F.3d 1124, 1160 (10th Cir. 2013) (quotation omitted).

"Procedural reasonableness focuses on whether the district court erred in calculating or explaining the sentence." <u>United States v. Halliday</u>, 665 F.3d 1219, 1222 (10th Cir. 2011) (quotation omitted). Procedural errors can include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory,

failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). There is no evidence in the record that the district court incorrectly calculated the Guidelines range, failed to consider the § 3553(a) factors, or relied on clearly erroneous facts in determining the sentence. In the present matter, the judge expressly noted that she had reviewed the § 3553(a) factors and appropriately stated that the Guidelines were advisory. Moreover, when imposing a within-Guidelines sentence after the revocation of supervised release, a court need only give "a general statement of the reasons for its imposition of the particular sentence." United States v. McBride, 633 F.3d 1229, 1234 (10th Cir. 2011) (quotation omitted). The district court stated reasons that adequately explained why it imposed the eleven-month sentence.

"Substantive reasonableness . . . involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in § 3553(a)." United States v. Sayad, 589 F.3d 1110, 1116 (10th Cir. 2009) (quotation and alteration omitted). We apply a rebuttable presumption of reasonableness in reviewing within-Guidelines sentences imposed upon the revocation of supervised release. See McBride, 633 F.3d at 1233. Salas has not rebutted that presumption, and we see nothing in the record that would allow us to determine the sentence was unreasonable. Thus, as Salas' counsel concluded, any challenge to the reasonableness of the sentence would be

-4-

frivolous. Our review does not reflect any other nonfrivolous grounds for appeal.

## III

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge