FILED
United States Court of Appeals
Tenth Circuit

July 8, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON SLAPE,

Defendant - Appellant.

No. 14-7001
(D.Ct. No. 6:13-CR-00038-RAW-1)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

The district court found Defendant-Appellant Jason Slape violated the conditions of his three-year term of supervised release and sentenced him to

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

twenty-four months imprisonment with no supervised release to follow. Mr. Slape appeals the revocation of his supervised release; however, his attorney has filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On May 16, 2011, Mr. Slape pled guilty to possession with intent to distribute marijuana and received a sentence of twenty months imprisonment and three years supervised release. On August 31, 2012, Mr. Slape began serving his three-year term of supervised release. On December 12, 2013, the district court held a hearing on the government's second petition to revoke Mr. Slape's supervised release based on violations of several conditions of that release.[1] The petition alleged, in part, Mr. Slape left the jurisdiction of his release without permission; committed a new crime of domestic abuse; and failed to pay child support, maintain employment, or comply with electronic monitoring requirements.

At the beginning of the revocation hearing, the district court advised that Mr. Slape faced a potential penalty of twenty-four months in prison, after which Mr. Slape stipulated to all the violations except that he committed the new crime

---

[1] Final revocation did not occur on the first petition for revocation of Mr. Slape's supervised release, filed in July 2013, because the probation officer was unable to secure a place in a halfway house for him.

of assaulting his girlfriend while on supervised release. The government then put on evidence Mr. Slape was involved in a domestic abuse incident, in which his girlfriend stated he choked her, as well as other evidence supporting his stipulations. Based on Mr. Slape's stipulations and the preponderance of the evidence presented, the district court determined Mr. Slape: 1) failed to report to the probation officer, find employment, or pay child support; and 2) committed the crime of assault when he "physically assaulted his girlfriend ... by grabbing her around her throat and pushing her." While it acknowledged the advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range was five to eleven months imprisonment, it imposed the statutory maximum sentence of twenty-four months imprisonment, without supervised release, stating:

> I have considered the violation policy statements in Chapter 7 of the United States Sentencing Guideline manual now in effect, and view those policies as advisory in nature for the purpose of these proceedings. I've considered the nature and circumstances of the violations and the history and characteristics of the offender. The defendant, on numerous occasions, has shown little regard for the rules and conditions of supervised release.
>
> The sentence imposed is within the authority specified in [18] United States Code Section 3583(e)(3). The sentence is reasonable, provides just punishment for noncompliance, is an adequate deterrent to criminal conduct, and promotes respect for the law.

## II. Discussion

After Mr. Slape filed a timely notice of appeal, his appointed counsel, who also represented him at the revocation hearing, filed an *Anders* appeal brief

explaining that, after a diligent examination of the record on appeal, no issues or arguable or viable claims exist relating to Mr. Slape's sentence which warrant an appeal. *See Anders*, 386 U.S. at 744. In support, counsel points out the district court considered the Guidelines Chapter Seven policy statements, as well as the applicable 18 U.S.C. § 3553(a) sentencing factors, and nothing in the record establishes Mr. Slape's sentence was incorrectly calculated for the purpose of being procedurally unreasonable or "arbitrary, capricious, whimsical, or manifestly unreasonable" for the purpose of being substantively unreasonable, as required under *United States v. Munoz-Nava*, 524 F.3d 1137, 1148 (10th Cir. 2008).

Pursuant to *Anders,* this court gave Mr. Slape an opportunity to respond to his counsel's *Anders* brief. *See* 386 U.S. at 744. Mr. Slape failed to file such a response. The government filed a notice of its intention not to file an answer brief in this appeal.

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* In reviewing a sentence imposed after revocation of supervised release, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Tsosie*, 376 F.3d 1210, 1217-18 (10th Cir. 2004). Our appellate review for reasonableness is for abuse of discretion and is deferential. *See United States v. Ruby*, 706 F.3d 1221, 1225 (10th Cir. 2013). We will not reverse a sentence following revocation of supervised release if the

record establishes the sentence is "reasoned and reasonable." *See United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005). A "reasoned" sentence is one that is "procedurally reasonable," while a "reasonable" sentence is one that is "substantively reasonable." *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011). "[A]lthough a district court must provide reasoning sufficient to support the chosen variance [of an above-Guidelines sentence], it need not necessarily provide 'extraordinary' facts to justify *any* statutorily permissible sentencing variance." *United States v. Smart*, 518 F.3d 800, 807 (10th Cir. 2008).

Under the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583, when a person violates the conditions of supervised release, the district court may modify the conditions of release or revoke the term of supervised release and impose prison time. *See United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004); 18 U.S.C. § 3583(e)(2), (3); Fed. R. Crim. P. 32.1(b); U.S.S.G. § 7B1.3(a). In imposing a sentence following revocation of supervised release, the district court is required to consider both the Chapter Seven policy statements as well as the factors provided in 18 U.S.C. § 3553(a).[2] *See United States v. Cordova*, 461

---

[2] The Chapter Seven policy statements include advisory Guidelines ranges for sentences following revocation of supervised release. *See generally* U.S.S.G. Ch. 7 *and* §§ 7B1.3, 7B1.4. With respect to the § 3553(a) sentencing factors, they include, in part, not only the nature of the offense, but the history and characteristics of the defendant as well as the need for the sentence to provide adequate deterrence and protect the public. *See United States v. Kristl*, 437 F.3d

(continued...)

F.3d 1184, 1188 (10th Cir. 2006). "The court may, after considering the factors set forth in" § 3553(a)(1)-(7), "revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense ...." 18 U.S.C. § 3583(e)(3). In this case, it is undisputed the advisory Guidelines range for Mr. Slape on revocation is five to eleven months imprisonment. *See* U.S.S.G. §§ 7B1.3(a)-(b), 7B1.4(a). However, § 3583 authorizes the district court to impose a maximum sentence of two years in prison, as imposed here. *See* 18 U.S.C. § 3583(e)(3).

In this case, the record establishes Mr. Slape admitted to violating all but one of the conditions of his supervised release, and the government provided sufficient evidence to support the other alleged violation, resulting in multiple violations. In addition, the district court provided its reasons for revoking Mr. Slape's supervised release and imposing the statutory maximum sentence, and we are satisfied it considered the parties' arguments, the applicable advisory Guidelines, and the § 3553(a) sentencing factors, including Mr. Slape's history and characteristics, when it considered his history of non-compliance with the terms of his supervised release and the seriousness of his violations. Under the circumstances presented, we conclude the district court's revocation of Mr. Slape's three-year term of supervised release and imposition of a twenty-four-

---

[2](...continued)
1050, 1053 (10th Cir. 2006); 18 U.S.C. § 3553(a).

month term of imprisonment are both "reasoned and reasonable," especially in light of the fact Mr. Slape has not offered any additional nonfrivolous reasons warranting a lower sentence. The fact his sentence is twice the recommended advisory Guidelines range does not make his sentence unreasonable. Rather, the variance is permitted by statute and explicable by the facts presented in the record on appeal, and the district court's reasoning is sufficiently compelling to support the degree of the variance.

## III. Conclusion

For these reasons, no meritorious appellate issue exists. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** Mr. Slape's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge