**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS DALLAS,

Defendant - Appellant.

No. 13-2195
(D.C. No. 1:98-CR-00338-JAP-2)
(D. of N.M.)

---

### ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

---

Marcus Dallas appeals the twelve month and one day sentence imposed by the district court for violating the terms of his supervised release. Mr. Dallas's counsel moved to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967), on the ground that the only potential appealable issue, the reasonableness

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

of Dallas's sentence, is wholly frivolous.  We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Because we agree there are no meritorious issues to be raised on appeal, we grant the motion to withdraw and dismiss the appeal.

## I.  Background

In 1998, Dallas pleaded guilty to possession with intent to distribute more than 500 grams of a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.  The district court sentenced Dallas to 30 months' imprisonment followed by four years of supervised release.

In 2001, Dallas violated the conditions of his supervised release, and he was sentenced to an additional four months' imprisonment followed by two years supervised release.  Soon after Dallas finished serving his additional time, the government again petitioned to revoke Dallas's supervised release, alleging that he had violated several conditions of his release.  In 2002, while still on supervised release, Dallas was indicted on a state murder charge.  He was later convicted of second-degree murder and sentenced by the state court to 12 years' imprisonment followed by four years' probation.  After his state conviction, the government amended its earlier revocation petition to include Dallas's violation of the mandatory condition of his release that he not commit another crime.

In 2013, after his state incarceration was complete, Dallas came before the district court on his supervised release violations.  The district court sentenced

Dallas to twelve months and one day in prison with no further period of supervised release. The United States Sentencing Guidelines recommended a range of 12 to 18 months' imprisonment based on Dallas's commission of a Grade A release violation and his criminal history category of I. *See* U.S. Sentencing Guidelines Manual § 7B1.4 (2013) (revocation table). At sentencing, the district court stated that it had reviewed the violation report and the factors under 18 U.S.C. § 3553. The court determined that a low-end sentence with no additional supervised release was appropriate given the time that had lapsed since the violations occurred and Dallas's pending state parole and probation obligations stemming from his murder conviction.

After timely filing a notice of appeal, Dallas's counsel moved to withdraw and filed an *Anders* brief. The government did not file a brief in response. Dallas was notified of his right to respond to the *Anders* brief, but did not do so.

## II. Discussion

Under *Anders*, if a defendant's counsel decides "after a conscientious examination" of the case that the defendant's appeal is "wholly frivolous," he may request permission to withdraw after submitting a brief identifying "anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. We then conduct "a full examination of all the proceedings," and, if we agree with counsel that there are no "legal points arguable on their merits," we may grant the motion to withdraw and dismiss the appeal. *Id.* The only potentially

appealable issue identified by Dallas's counsel is the procedural and substantive reasonableness of Dallas's sentence.

We review sentencing decisions for reasonableness under a deferential abuse-of-discretion standard. *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). A sentence must be both procedurally and substantively reasonable. *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). Our review of procedural reasonableness "focuses on whether the district court erred in calculating or explaining the sentence. Substantive reasonableness focuses on whether the length of the sentence is reasonable in light of the factors contained in 18 U.S.C. § 3553(a)." *United States v. Halliday*, 665 F.3d 1219, 1222 (10th Cir. 2011) (citation and internal quotation marks omitted). A sentence that falls within the properly calculated guidelines range is presumed to be substantively reasonable. *United States v. McBride*, 633 F.3d 1229, 1233 (10th Cir. 2011) (noting that the presumption applies "in reviewing a revocation-of-supervised-release sentence within the range suggested by the Commission's policy statements").

We agree with defense counsel that nothing in the record suggests Dallas's sentence was either procedurally or substantively unreasonable. Procedurally, the district court stated that it considered the factors listed in § 3553(a) and the court imposed a sentence at the bottom end of the range recommended by the Chapter 7

policy statement.  *See United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010).

Accordingly, there was no procedural error.

Substantively, the within-guidelines sentence is entitled to a presumption of reasonableness.  *See McBride*, 633 F.3d at 1232–33.  We see no non-frivolous basis in the record to rebut that presumption.  *See United States v. Dunbar*, 718 F.3d 1268, 1282 (10th Cir. 2013) (noting that we reverse a sentence for substantive unreasonableness "only if the sentence, in light of the sentencing factors referenced in 18 U.S.C. § 3553(e), was an abuse of discretion because it was 'arbitrary, capricious, whimsical, or manifestly unreasonable'" (quoting *United States v. Damato*, 672 F.3d 832, 838 (10th Cir. 2012))).

In sum, the district court's sentence of twelve months and one day was both procedurally and substantively reasonable.  Therefore, the district court did not abuse its discretion.

## III.  Conclusion

After conducting a full review of the record, we conclude there is no non-frivolous ground for Dallas's appeal.  Therefore, the motion to withdraw is GRANTED and the appeal is DISMISSED.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge