FILED
United States Court of Appeals
Tenth Circuit

October 31, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

BRYAN KEITH SMITH,

      Defendant-Appellant.

No. 14-2038
(D.C. No. 1:99-CR-00505-JCH-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

The district court found Appellant Bryan Keith Smith violated the conditions of his five-year term of supervised release and sentenced him to nine

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

months' imprisonment with no supervised release to follow. Mr. Smith appeals revocation of his supervised release and imposition of imprisonment; however, his attorney has filed an *Anders* brief and a request to withdraw as counsel, which we treat as a motion to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On May 1, 2000, Mr. Smith pled guilty to one count of a crime on an Indian Reservation involving aggravated sexual abuse of a child, in violation of 18 U.S.C. §§ 1153, 2241(c), 2246(2)(A), and one count of a crime on an Indian Reservation involving aggravated sexual abuse by force, in violation of 18 U.S.C. §§ 1153, 2241(a), and 2246(2)(A).[1] He received a sentence of 120 months' imprisonment and five years' supervised release. In May 2009, Mr. Smith began serving his supervised release. Thereafter, four petitions for revocation of his

---

[1] While Mr. Smith's counsel references documents to support the certain facts in his brief on Mr. Smith's prior conviction, initial sentence, and hearings for revocation, he failed to provide those documents in the record designated for appeal. Generally, "[w]hen the party asserting an issue fails to provide a record sufficient for considering that issue, [this] court may decline to consider it." 10th Cir. R. 10.3(B). However, in this case, the absence of the record does not affect our disposition of Mr. Smith's appeal. This is because we assume his appellate counsel's representations with respect to the contents of those documents are accurate, especially in the absence of any objections by either the government or Mr. Smith as to those representations. Nevertheless, counsel is reminded that in any future filing, any relied on and referenced portion of the record should be designated and provided as part of the appeal record for our review.

supervised release were filed and disposed of before the petition which is the subject of this appeal.[2]  On January 14, 2014, the government filed the instant petition for revocation of supervised release, alleging Mr. Smith violated the terms of his supervised release based on his termination from the Diersen Charities Halfway House (halfway house) for his acts in falsely signing out for medical appointments on November 21, 2013; November 25, 2013; December 18, 2013; and January 10, 2014.

On February 25, 2014, the district court held a hearing on the government's petition to revoke Mr. Smith's supervised release based on these violations.  Mr. Smith's probation officer testified that, with respect to the four separate occasions alleged in the petition, Mr. Smith signed out of the halfway house for medical appointments but failed to provide its staff with the required documentation establishing such appointments occurred, and, after the halfway house staff issued a medical release, the two medical providers Mr. Smith claimed to have visited on these dates told such staff Mr. Smith had not been at their medical offices on the

[2]  According to Mr. Smith's counsel, these petitions were dated, alleged, and disposed of as follows:  1) August 9, 2010 petition for revocation for using illegal substances and failing to attend outpatient treatment, resulting in a sentence of time served and a four-year term of supervised release; 2) October 19, 2010 petition for revocation for failing to remain at a reintegration reentry center, resulting in a nine-month sentence and four-year term of supervised release; 3) October 12, 2011 petition for revocation for failing to attend sex offender treatment, resulting in a nine-month sentence and three-year term of supervised release; and 4) March 26, 2013 petition for revocation for absconding from the Diersen Charities Halfway House, resulting in a six-month sentence followed by a one-year term of supervised release.

dates indicated. She further testified that the halfway house terminated Mr. Smith's residency based on these violations. She also testified this was Mr. Smith's fifth revocation hearing. Mr. Smith testified on his own behalf, claiming he did in fact attend medical appointments on the dates provided, gave the facility the necessary documentation, and even called his probation officer on two occasions to indicate he would be late returning to the halfway house after his medical appointments. However, the probation officer, on questioning by the district court, provided testimony the halfway house had a process to contest incident reports or disciplinary actions and that Mr. Smith failed to avail himself of such process.

The district court found Mr. Smith violated the terms of his supervised release by failing to reside at and complete the program at a residential reentry center, as shown by his termination from the halfway house. It noted that in terminating his residency, the halfway house staff contacted the named medical providers and confirmed he did not have appointments on the dates in question. It also pointed out Mr. Smith failed to contest such findings through the procedures available to him. In imposing a nine-month sentence and no supervised release, the district court noted the advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range was three to nine months and it was sentencing him at the high end of that range, given Mr. Smith not only violated the terms of his supervised release but had multiple prior violations and continued

"to fail to take advantage of reintegration efforts and resources of the United States Probation Office."

## II. Discussion

After Mr. Smith filed a timely notice of appeal, his appointed counsel, who also represented him at the revocation hearing, filed an *Anders* appeal brief explaining that, after a diligent examination of the record on appeal, no issues or arguable or viable claims exist relating to Mr. Smith's conviction or sentence which would warrant an appeal. *See Anders*, 386 U.S. at 744. In support, counsel points out the district court considered both parties' evidence and, based on such evidence, determined Mr. Smith violated his supervised release by falsely signing out for medical appointments and imposed a sentence within the applicable Guidelines range.

Pursuant to *Anders,* this court gave Mr. Smith an opportunity to respond to his counsel's *Anders* brief. *See id.* On July 28, 2014, Mr. Smith filed a response, in the form of a one-page letter, which fails to address the issues related to his appeal but, instead, claims ineffective assistance of counsel and requests a thirty-day extension and appointment of new counsel, without adequate reasoning in support thereof. Thereafter, the government filed a notice of its intention not to file an answer brief in this appeal.

As required by *Anders*, we have conducted a full examination of the record before us. *See* 386 U.S. at 744. In reviewing a sentence imposed after revocation

-5-

of supervised release, we review the district court's factual findings for clear error and its legal conclusions de novo. *See United States v. Tsosie*, 376 F.3d 1210, 1217-18 (10th Cir. 2004). Our appellate review for reasonableness is under a deferential abuse of discretion standard. *See United States v. Ruby*, 706 F.3d 1221, 1225 (10th Cir. 2013). We will not reverse a sentence following revocation of supervised release if the record establishes the sentence is "reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d. 1236, 1241 (10th Cir. 2005). A "reasoned" sentence is one that is "procedurally reasonable," while a "reasonable" sentence is one that is "substantively reasonable." *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011). "[A]lthough a district court must provide reasoning sufficient to support the chosen variance [of an above-Guidelines sentence], it need not necessarily provide 'extraordinary' facts to justify *any* statutorily permissible sentencing variance." *United States v. Smart*, 518 F.3d 800, 807 (10th Cir. 2008).

Under the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583, when a person violates the conditions of supervised release, the district court may modify the conditions of release or revoke the term of supervised release and impose prison time. *See United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004); 18 U.S.C. § 3583(e)(2) and (3); Fed. R. Crim. P. 32.1(b); U.S.S.G. § 7B1.3(a). "The court may, after considering the factors set forth in" § 3553(a)(1)-(7), "revoke a term of supervised release and require the defendant

-6-

to serve in prison all or part of the term of supervised release authorized by statute for the offense ...."  18 U.S.C. § 3583(e)(3).

In this case, it is undisputed the advisory Guidelines range for Mr. Smith, after revocation of his supervised release, was three to nine months' imprisonment, and the district court considered this when imposing his sentence. *See* U.S.S.G. §§ 7B1.3(a)-(b) and 7B1.4(a).  It is clear the district court credited the government's evidence Mr. Smith violated the conditions of his supervised release when he was terminated from the halfway house.  It further found this termination resulted from his falsely claiming on four different occasions that he left the facility for medical appointments, as verified by the very medical providers he claimed to have visited.  The district court also pointed out this was the fifth revocation of Mr. Smith's supervised release and that he continued to fail to take advantage of reintegration efforts and resources afforded him.  Such evidence is sufficient to support the alleged violation of the conditions of his supervised release, revocation of his supervised release based on such a violation, and imposition of a sentence.  We further note his sentence is within the advisory Guidelines range and therefore presumptively reasonable.  *See McBride*, 633 F.3d at 1232-33.  In sentencing Mr. Smith, it is also evident the district court discredited Mr. Smith's unsupported, self-serving testimony he attended the medical appointments at issue.  We leave such credibility determinations to the district court's discretion.

Under the circumstances presented, we conclude the district court's revocation of Mr. Smiths's one-year term of supervised release and imposition of a nine-month term of imprisonment without further supervised release are both "reasoned and reasonable," especially in light of the fact Mr. Smith has not offered any nonfrivolous reason warranting a lower sentence. Finally, we decline to review his ineffective assistance of counsel claim, as we have held such claims should be brought in collateral proceedings, and not on direct appeal, and therefore are "presumptively dismissible." *United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005). Not only should such claims be brought in a collateral proceeding, but Mr. Smith's ineffective assistance claim, as presented on appeal, is inadequately developed for review by this court. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005). We further note a request for a new attorney based on counsel's filing of an *Anders* brief is insufficient to support appointment of new counsel. *Id.* at n.6.

## III. Conclusion

For these reasons, no meritorious appellate issue exists. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** Mr. Smith's appeal. We

further **DENY** Mr. Smith's pro se request for a thirty-day extension and appointment of new counsel.

                                           **Entered by the Court:**

                                           **WADE BRORBY**
United States Circuit Judge