**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REUBEN MARTIN,

Defendant – Appellant.

_____

No. 14-2106
(D.C. No. 1:09-CR-03069-WJ-2)
(D. New Mexico)

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

REUBEN MARTIN,

Defendant – Appellant.

No. 14-2107
(D.C. No. 1:12-CR-02225-WJ-1)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY** and **McHUGH**, Circuit Judges.

_____

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This cause is therefore ordered submitted without oral argument.

Reuben Martin filed a notice of appeal from the revocation of his supervised release and the imposition of an eight-month prison term followed by a new two-year period of supervised release. His appointed counsel moved to withdraw and filed a brief based on *Anders v. California*, 386 U.S. 738 (1967), stating that after a diligent search of the record, he has found no meritorious issues for appeal. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and finding no grounds for appeal that are not "wholly frivolous," we grant counsel's motion to withdraw and dismiss the appeal.

## I.    BACKGROUND

Mr. Martin was convicted of robbery, in violation of 18 U.S.C. §§ 1153 and 2111, and escape, in violation of 18 U.S.C. § 751(a). He was sentenced to forty-one months imprisonment followed by three years of supervised release for the robbery, and eight months imprisonment followed by three years of supervised release for the escape. Special conditions of supervised release required Mr. Martin to participate in and successfully complete an outpatient substance abuse treatment program and an outpatient mental health treatment program.

Mr. Martin commenced supervised release on September 6, 2013. In February of 2014, the terms of Mr. Martin's supervised release were modified to require him to "enter

and complete a residential treatment program as approved by the probation officer."
Mr. Martin was accepted at the Na'Nizhoozhi Center (the Center), a treatment facility in Gallup, New Mexico. The Center applies treatments based in traditional Native American practices. Mr. Martin entered treatment at the Center on February 13, 2014.

On February 27, 2014, Mr. Martin left the Center. The Center refused to allow him to return, and he was unable to complete the residential treatment program. The United States then petitioned to revoke Mr. Martin's supervised release based on his failure to complete the residential treatment program as ordered.

Mr. Martin admitted that he did not complete the program and that he had therefore violated a special condition of his supervised release. But Mr. Martin attempted to explain his violation. He presented evidence that a doctor prescribed him mental health medication. Mr. Martin alleged the Center took him off the medication, which caused him to leave the facility.[1] Mr. Martin's counsel conceded that this evidence and argument related only to the appropriate sentence for a violation of the terms of supervised release, not to whether there was actually a violation. Mr. Martin also elicited testimony implying

---

[1] Contrary to the allegations in counsel's *Anders* brief, we find no evidence in the record that Mr. Martin testified he was taken off his medication, became disoriented and panicky, and then left the facility. Mr. Martin's counsel claimed in the revocation hearing that those facts were true, but did not support them with testimony. "Counsel's arguments are not evidence." *Luevano v. Holder*, 660 F.3d 1207, 1213 (10th Cir. 2011).

-3-

he was prevented from practicing his religion in the Center.[2]

The district court revoked Mr. Martin's supervised release. It determined the United States Sentencing Guidelines (Guidelines) range for his revocation included a prison term of six to twelve months because this was a Grade C violation and Mr. Martin's fell into criminal history category IV. U.S.S.C. §§ 7B1.1, 7B1.4. The district court then sentenced Mr. Martin to eight months imprisonment followed by two years of supervised release.

Mr. Martin filed a pro se notice of appeal. His appointed counsel, who represented him in the revocation proceedings, then filed an *Anders* brief and motion to withdraw. The Government notified the court that it would not oppose the motion. Mr. Martin was notified of his counsel's *Anders* motion, and he has not filed a response.

## II.    DISCUSSION

Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). In doing so, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* We must then

---

[2] Again, Mr. Martin did not actually present evidence that he was prevented from practicing his religion while at the Center. Instead, his counsel asked the probation officer about the importance of religion in Mr. Martin's life and whether that religion could be practiced at the Center. The probation officer testified that she had never had a problem with probationers seeking to practice religion at the Center.

independently examine the record to determine whether the defendant's claims are "wholly frivolous," and, if so, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

In his *Anders* brief, counsel identifies no grounds for appeal. In undertaking our independent examination of the record, we have identified three potential grounds for appeal: that his counsel was ineffective; that his supervised release should not have been revoked because his mental health difficulties were exacerbated by the treatment facility; and that Mr. Martin's sentence was unreasonable. We now consider whether any of these issues would provide a nonfrivolous ground for appeal of the revocation of Mr. Martin's supervised release and his sentence.

The first potential basis for appeal, ineffective assistance of counsel, is not appropriately brought on direct appeal. "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Thus, "when brought on direct appeal, ineffective assistance of counsel claims are presumptively dismissible, and virtually all will be dismissed." *United States v. Trestyn*, 646 F.3d, 741 (10th Cir. 2011) (internal quotations omitted). "[E]ven if the record appears to need no further development, the claim should still be presented first to the district court . . . ." *Galloway*, 56 F.3d at 1240. We see no reason to depart from that general rule in this case.

The second potential basis for appeal, a challenge to the revocation of his supervised release, fails because there was not sufficient evidence presented below to

-5-

show Mr. Martin was forced to choose between his mental health treatment and compliance with the Center's requirements. In *United States v. Hill*, 216 F.3d 1088 (10th Cir. 2000) (unpublished),[3] Mr. Hill appealed the revocation of his supervised release after he failed to participate in mental health counseling and failed to provide certain financial information to the probation office. *Id.* at *1. Mr. Hill's counsel moved to withdraw and filed an *Anders* brief. *Id.* In his pro se brief in response to the *Anders* brief, Mr. Hill alleged, among other things, that the probation officer conspired with his mental health doctor to make it difficult for him to comply with the requirement that he participate in mental health counseling. *Id.* at *2. We rejected that challenge to revocation because Mr. Hill did not provide an evidentiary basis for his argument and made only conclusory claims regarding the probation officer's activities. *Id.* at *3.

Here, Mr. Martin's counsel provided only conclusory statements at the revocation hearing that Mr. Martin's mental health deteriorated after he began treatment at the Center, and that the Center prevented Mr. Martin from taking his medication and caused Mr. Martin's departure from the facility. "Counsel's arguments are not evidence." *Luevano v. Holder*, 660 F.3d 1207, 1213 (10th Cir. 2011). Mr. Martin did not testify regarding his mental health or mental state. Mr. Martin's counsel did not elicit testimony from the probation officer or Mr. Martin that the Center prevented Mr. Martin from

---

[3] Though not precedential, we find the reasoning of this court's unpublished opinions instructive. *See* 10th Cir. R. 32.1 ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").

-6-

taking prescribed medication. The record reveals only that Mr. Martin had a prescription for medication that would treat a mental illness and that the probation officer had not observed problems with prior probationers obtaining their medication at the Center. Thus, the record does not provide an adequate basis to challenge the revocation of Mr. Martin's supervised release.

The third potential basis for appeal, the reasonableness of Mr. Martin's sentence, also does not provide a nonfrivolous ground for appeal. When a person violates the conditions of supervised release, the district court may modify the conditions of release or revoke the term of supervised release and impose prison time. *See* 18 U.S.C. § 3583(e)(2); Fed. R. Crim. P. 32.1(b); U.S.S.G. § 7B1.3(a); *United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004). When fashioning a sentence following revocation, the district court must "consider both [U.S.S.G.] Chapter 7's policy statements as well as a number of the factors provided in 18 U.S.C. § 3553(a)."[4] *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) (citation omitted). A court is not required to "consider individually each factor listed in § 3553(a)," *id.* at 1189 (internal quotations omitted), but the sentencing court must "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c).

---

[4] The Chapter 7 policy statements address violations of supervised release and recommend advisory sentencing ranges. *See generally* U.S.S.G. Ch. 7. The § 3553(a) sentencing factors include, in part, the nature of the offense, the history and characteristics of the defendant, and the need for the sentence to provide adequate deterrence and protect the public. *See* 18 U.S.C. § 3553(a).

We review a challenge to a revocation sentence for abuse of discretion, reviewing factual findings for clear error and legal conclusions de novo. *United States v. Tsosie*, 376 F.3d 1210, 1217–18 (10th Cir. 2004). A district court exceeds its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable. *See United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010). A sentence must be "reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005). A "reasoned" sentence is one that is "procedurally reasonable," while a "reasonable" sentence is one that is "substantively reasonable." *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011). "Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214–15 (10th Cir. 2008). "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (internal quotation marks omitted). We presume that a sentence following revocation of supervised release that falls within the range suggested by the Commission's policy statements is reasonable. *McBride*, 633 F.3d at 1233.

In this case, the advisory Guidelines range for Mr. Martin on revocation is six to twelve months. After considering the advisory range, acknowledging Mr. Martin's history of prior offenses and his personal history and characteristics, the district court imposed a sentence of eight months imprisonment. Thus, the district court properly

considered both the advisory range from Chapter 7's policy statements and the § 3553(a) factors before imposing a within-guidelines sentence. The record provides no basis to conclude that the sentence is procedurally or substantively unreasonable.

We therefore find nothing in the record that would provide nonfrivolous grounds for Mr. Martin to appeal.

### III. CONCLUSION

For the foregoing reasons, we grant counsel's motion to withdraw and dismiss Mr. Martin's appeal.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge