FILED
United States Court of Appeals
Tenth Circuit

April 20, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERTO LUIS AGUIRRE,

    Defendant- Appellant.

No. 20-2039
(D.C. No. 2:19-CR-00107-JAP-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EBEL**, and **EID**, Circuit Judges.
_____

Mr. Roberto Luis Aguirre appeals his sentence for possessing methamphetamine with intent to distribute, arguing that the district court erroneously

- declined to adjust the offense level downward based on a mitigating role,

- denied his request for a downward variance or downward departure, and

_____

[*] Oral argument would not materially help us to decide the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). So we have decided the appeal based on the briefs and the record on appeal.

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

- imposed a substantively unreasonable sentence.

We reject these arguments and affirm.

## I.   The district court sentenced Mr. Aguirre to 151 months' imprisonment.

The case began when Mr. Aguirre was stopped at a border checkpoint. At the checkpoint, agents found methamphetamine in Mr. Aguirre's rental car. Discovery of the drugs led to a charge of possessing 50 or more grams of methamphetamine with intent to distribute, and Mr. Aguirre pleaded guilty.

Before sentencing, Mr. Aguirre requested

- a four-level downward adjustment in the offense level, arguing that he had only a minimal role as a courier of a small amount of methamphetamine,

- a downward departure of one criminal-history point, contending that placement in category VI would substantially overstate the seriousness of his criminal record, and

- a downward variance to 60 months, citing his disadvantaged background, mental health problems, and need for drug treatment.

The district court rejected these requests. Using an offense level of 29 and a criminal-history score of VI, the court sentenced Mr. Aguirre to 151 months' imprisonment, the bottom of the guideline range.

**II. The district court did not err in denying a downward adjustment in the offense level.**

On appeal, Mr. Aguirre challenges the denial of his request for a downward adjustment. *See* U.S. Sent'g Guidelines Manual § 3B1.2. We reject this challenge.

A downward adjustment is permissible when defendants show that their roles are minor or minimal. *United States v. Martinez*, 512 F.3d 1268, 1275 (10th Cir. 2008). The role is minor or minimal when the defendant bears substantially less culpability than that of average participants in the crime. U.S.S.G. *Id.* cmt. 3(A). Because this inquiry is fact-intensive, we review the denial of a downward adjustment under the clear-error standard. *Martinez*, 512 F.3d at 1275.

The district court did not clearly err in denying a downward adjustment. Though Mr. Aguirre contends that he served only as a courier, he provided no information about a drug-trafficking operation or the involvement of any others. *See* U.S. Sent'g Guidelines Manual § 3B1.2 cmt. 2 (explaining that a downward adjustment is permissible only if multiple offenders were involved). Though he presented no such information, he points out that he had no items—like ledgers, phone records, or baggies—suggesting that he wanted to sell his methamphetamine. Despite the absence of these items, a factfinder could reasonably infer that Mr. Aguirre had intended to sell the

methamphetamine and had played more than a minor or minimal role in the offense. And a downward adjustment might have been unwarranted even if he had been acting only as a courier. *United States v. Salas*, 756 F.3d 1196, 1207 (10th Cir. 2014); *see also Martinez*, 512 F.3d at 1276 ("[W]e have consistently 'refused to adopt a per se rule allowing a downward adjustment based solely on a defendant's status as a drug courier.'") (quoting *United States v. Rangel-Arreola*, 991 F.3d 1519, 1524 (10th Cir. 1993)). Mr. Aguirre's "assertion that he was a minimal participant is not enough to overcome the clearly erroneous standard." *United States v. Virgen-Chavarin*, 350 F.3d 1122, 1131 (10th Cir. 2003).

Despite the absence of a clear error, Mr. Aguirre argues that the district court relied too heavily on his failure to discuss the criminal scheme. But the court could reasonably consider Mr. Aguirre's refusal to discuss who had done what. Without that information, the court could not compare Mr. Aguirre's culpability to that of others. So we reject Mr. Aguirre's challenge to the district court's focus on his refusal to discuss the criminal scheme.

## III. We lack jurisdiction to review Mr. Aguirre's request for a downward departure

In his opening brief, Mr. Aguirre challenges the denial of his request for a downward departure. In his reply brief, Mr. Aguirre concedes that we lack jurisdiction to consider the district court's denial of a downward

departure. Appellant's Reply Br. at 2. We agree, concluding that we lack jurisdiction over this challenge. *United States v. Davis*, 900 F.2d 1524, 1529–30 (10th Cir. 1990).

**IV.** **The district court did not err in denying Mr. Aguirre's request for a downward variance, and the 151-month sentence is substantively reasonable**.

Mr. Aguirre argues that the district court should have varied downward and imposed a five-year sentence, the statutory minimum. *See* 21 U.S.C. § 841(a)(1), § 841(b)(1)(B). In the alternative, he challenges the substantive reasonableness of his 151-month sentence.

For both arguments, we consider whether the district court abused its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We presume that the sentence was substantively reasonable because it fell within the guideline range. *United States v. McBride*, 633 F.3d 1229, 1232–33 (10th Cir. 2011). Mr. Aguirre can rebut this presumption based on the statutory sentencing factors. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). These factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for a sentence to reflect the seriousness of the crime, deter future criminal conduct, protect the public, and provide rehabilitation; (3) the legally available sentences; (4) the U.S. Sentencing Guidelines; (5) the Sentencing Commission's policy statements; (6) the need to avoid unwarranted disparities among sentences; and (7) the need for restitution.

5

18 U.S.C. § 3553(a). We reverse only if the district court applied these factors in a way that was "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Garcia*, 946 F.3d 1191, 1211 (10th Cir. 2020) (quoting *United States v. DeRusse*, 859 F.3d 1232, 1236 (10th Cir. 2017)).

In arguing for a downward variance, Mr. Aguirre contends that his criminal history was overstated because

- he had the lowest possible criminal-history score for category VI (13 points),

- none of his prior convictions involved a weapon or more serious crimes like robbery, residential burglary, sexual abuse, or the distribution of illegal drugs, and

- he had obtained relatively light sentences for his prior offenses.

In his view, the light sentences show that other judges did not regard him as a serious danger to the community. In addition, Mr. Aguirre points to his childhood abuse and neglect, his history of drug abuse, and his experience as a plumber.

In our view, Mr. Aguirre has not shown that the district court abused its discretion. The district court reasonably applied the sentencing factors in arriving at a 151-month sentence.

Mr. Aguirre's sentence is supported by his extensive criminal record and the seriousness of his past crimes. He had eleven prior convictions in about seventeen years. Three of the prior convictions had involved

violence (aggravated battery, criminal damage to property, and public affray). Two other convictions had involved threats to public safety (receiving a stolen motor vehicle and driving while intoxicated). In addition, his probation had been revoked six times. Regardless of other judges' past assessments, the district court could reasonably consider Mr. Aguirre a danger to the community, especially given his continued criminal activity after the previous sentences.

The court could reasonably temper the sentence based on Mr. Aguirre's history of neglect and substance abuse. But the court could also put little weight on this history. Though the record reflects depression, there is no evidence of an effort to obtain treatment for his mental-health problems. *See United States v. Lente*, 759 F.3d 1149, 1173 (10th Cir. 2014) (noting that a defendant had "done little to show that she is seeking to correct her problematic behavior" and rejecting her argument for a lesser sentence based on neglect and mental health problems). Nor did Mr. Aguirre present evidence of a productive work history. Though he had worked as a plumber's apprentice for eight years before his conviction, Mr. Aguirre had worked only odd jobs and sold drugs.

The district court acted within its discretion in denying a downward variance and imposing a prison term of 151 months.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge